UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DERRICK LEE CARDELLO-SMITH,

          Plaintiff,

v.

USA TODAY, et al.,

          Defendants.

_____/

Case No. 2:25-cv-11737

HONORABLE STEPHEN J. MURPHY, III

## ORDER ENJOINING FILER

Derrick Cardello-Smith is a frequent filer in this district and proceeds here *pro se*. *See* ECF No. 13, PageID.169–170. The present matter initially failed to pass muster under the three-strike rule of 28 U.S.C. § 1915(g), despite many jurists informing Cardello-Smith that he is no longer entitled to proceed *in forma pauperis*. *See* ECF No. 13, PageID.169–170. The Court has reason to believe that Cardello-Smith is a vexatious litigant and accordingly must take steps to ensure that the case proceeds appropriately. *See Cardello-Smith v. Combs*, No. 24-cv-12647, 2025 WL 269167, at *5–6 (E.D. Mich. Jan. 22, 2025).

Courts in this district consider the following factors when deciding whether to impose pre-filing requirements on litigants: (1) the litigant's history of litigation and in particular whether it entails vexatious, harassing, or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation—*e.g.*, whether the litigant has an objective good faith expectation of prevailing; (3) whether the litigant is represented by counsel; (4) whether the litigant caused needless expense to other parties or has posed

1

an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and the other parties. *Id.* at *6. "Ultimately, the question the court must answer is whether a litigant who has a history of vexatious litigation is likely to continue to abuse the judicial process and harass other parties." *Id.*

In an earlier-filed case, Judge Levy determined that Cardello-Smith's litigation conduct in that case and in his prior lawsuits satisfied the factors and warranted pre-filing restrictions. *Cardello-Smith v. Combs*, No. 24-cv-12647, 2025 WL 1951722, at *10–11 (E.D. Mich. June 30, 2025).[1] Judge Levy explained that Cardello-Smith "has continued to file duplicative, fabricated, harassing, and unnecessary documents on the docket." *Id.* at *9. That conduct included filing frivolous or barred lawsuits, filing duplicative and frivolous motions, and fabricating affidavits—including some purportedly from the victims of his crimes. *Cardello-Smith*, 2025 WL 269167, at *6–7, *10.

Much of Cardello-Smith's vexatious conduct that Judge Levy identified was related to the underlying issue to which this defamation case relates—his allegations against Sean Combs. *See id.*; ECF No. 1, PageID.6. In fact, the present litigation is based entirely on reporting related to the case in which Judge Levy enjoined Cardello-Smith. ECF No. 1, PageID.21. Moreover, here, Cardello-Smith filed meritless and duplicative motions. He filed three duplicative motions to disqualify the undersigned

---

[1] The Court's understanding is that Judge Levy's order applies prospectively to newly filed cases, but not to the present case because it was filed before her order was docketed.

based on a meritless argument that he appears to submit routinely in other cases. ECF Nos. 7, 12, 15; *Cardello-Smith*, 2025 WL 1951722, at *2–3. He filed several duplicative motions for the Clerk to issue summons. ECF Nos. 10, 18. Cardello-Smith's conduct here leads the Court to conclude that extension of the restrictions imposed by Judge Levy, *see Cardello-Smith*, 2025 WL 1951722, at *11, is proper and necessary to protect the Court and Defendants from vexatious conduct. Judge Levy first warned Cardello-Smith that his conduct might warrant enjoinment nearly six months before he filed this case, *Cardello-Smith*, 2025 WL 269167, at *8. And the following restrictions are narrowly tailored and no greater than necessary to address the risk of Cardello-Smith's vexatious litigation conduct.

**WHEREFORE**, it is hereby **ORDERED** that Plaintiff Derrick Lee Cardello-Smith is **ENJOINED** from filing any documents in this case without first seeking and obtaining leave of Court under Local Rule 5.2. Specifically, he must receive permission by following the requirements below:

1. Whenever Cardello-Smith, seeks to make any file, he must file a "Motion Pursuant to Court Order Seeking Leave to File."

2. With the above Motion Pursuant to Court Order Seeking Leave to File, Cardello-Smith must attach the following as exhibits:

    a. A copy of the document he proposes to file;

    b. A copy of this Order and Judge Levy's order from Case 5:24-cv-12647 ECF No. 169;

    c. A written declaration which he has prepared pursuant to 28 U.S.C. § 1746 or a sworn affidavit, certifying that (1) the document raises a new issue which has never been previously raised by him in this or any other court, (2) the claim or issue is not frivolous, and (3) the proposed filing is not being filed in bad faith;

    d. A document containing a list showing (1) the complete caption of every suit that has been previously filed by him or on his behalf in any court against each defendant in any new suit he wishes to file and (2) the complete caption of every suit which he has currently pending;

    e. A complete set of copies of each Complaint identified and listed in the document required by subparagraph (d) above, along with a record of its disposition.

The Court may deny any Motion for leave to file if it does not comply with the above requirements or if the proposed filing is duplicative, frivolous, vexatious, or harassing. If the Motion is denied, the proposed filing shall not be accepted for filing. Cardello-Smith's failure in any way to comply fully with the terms of this Order shall be sufficient grounds to deny any Motion for leave to file.

**IT IS FURTHER ORDERED** that to prevent future harassment and waste of the Court's limited resources, the Clerk's office **MUST** follow the procedures

4

outlined in Local Rules 5.2 and 83.11(b)(9).

    **SO ORDERED.**

                                      s/ Stephen J. Murphy, III
                                      STEPHEN J. MURPHY, III
                                      United States District Judge

Dated: August 8, 2025

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on August 8, 2025, by electronic and/or ordinary mail.

                                      s/ R. Loury
                                      Case Manager