## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**DERRICK LEE CARDELLO-SMITH**
    **Plaintiff**

**Vs**                                    Case No **2:25-cv-11737**

# Hon. Stephen J. Murphy III

**USA Today, et al**
    **Defendants,**
_____/

FILED

SEP 08 2025

CLERK'S OFFICE
DETROIT

## MOTION PURSUANT TO COURT ORDER SEEKING LEAVE TO FILE A REQUEST FOR THE CLERK TO GRANT ENTRY DEFAULT, AFFIDAVIT BASED ON DEFENDANT GINA BARTON FAILING TO FILE A RESPONSE OR MOTION WITHIN 21 DAYS OF THE SUMMONS AND COMPLAINT BEING SERVED

        Now comes the Plaintiff, Derrick Lee Cardello-Smith, in the above cause and hereby submits this **MOTION PURSUANT TO COURT ORDER SEEKING LEAVE TO FILE A REQUEST/MOTION FOR THE CLERK TO GRANT ENTRY OF DEFAULT JUDGMENT AGAINST THE DEFENDANT, GINA BARTON FOR FILING TO FILE AN ANSWER THAT WAS DUE ON SEPTEMBER 2, 2025 AND TO SERVE IT UPON THE DEFENDANT AND THE COURT WITHIN 21 DAYS AFTER BEING SERVED THE SUMMONS AND COMPLAINT** and In Support of this Motion for Leave, Plaintiff submits the following Brief in Support attached.

        Thank you for your time.                                    9-2-25

Derrick Lee Cardello-Smith
Plaintiff in pro per
#267009
Ionia Correctional Facility
1576 W. Bluewater Highway
Ionia, MI 48846

1.

## BRIEF IN SUPPORT

Plaintiff, having been under orders for leave to file permission and any document in this court, now states the following:

1. Defendant Gina Barton has been served the Summons and Complaint in this case as required by the Federal Rules of Service.

2. Plaintiff conducted this service upon the defendant on August 11, 2025.

3. The United States Postal Service was paid the proper amount to conduct this delivery by CERTIFIED MAIL-RESTRICTED DELIVERY TO ADDRESSEE AND RETURN RECEIPT REQUESTED on the date of August 11, 2025.

4. Defendant has received this Summons and Complaint at the defendants Residential Address located on the Receipt.

5. Defendant Gina Barton Signed for this as proven by her authorized signature card verifying delivery on the date in question.

6. Defendant had a total of 21 days from that date to file an answer and it is now within the defendants hands to do so.

7. SERVICE HAS BEEN EXECUTED UPON THE DEFENDANT.

8. Plaintiff provides that proof as an exhibit to this court.

9. the answer was due by SEPTEMBER 2, 2025 nothing has been filed by this defendant and defendant GINA BARTON is therefore in default and the clerk is strongly urged to enter a default order against this defendant.

Plaintiff now asks this court to allow this filing to be admitted into the record.

### RELIEF SOUGHT

Wherefore, plaintiff prays this court will GRANT LEAVE TO FILE THE REQUEST FOR THE CLERK OF THE COURT TO ENTER DEFAULT AGAINST DEFENDANT GINA BARTON FOR FAILING TO FILE AN ANSWER WITHIN 21 DAYS OF THE OF SERVICE EXECUTED UPON DEFENDANT GINA BARTON and that the CLERK IS ORDERED TO PLACE IT ON THE RECORD, and grant any further relief this court deems necessary and appropriate.

Respectfully Yours,

Derrick Lee Cardello-Smith
#267009
Plaintiff
Ionia Maximum Correctional Facility
1576 W. Bluewater Highway
Ionia, MI 48846

September 2, 2025

2.

Service Copy

Gina Barton Defendant

Case # 25-11737

Cardello-Smith v USA Today et al.

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to: MRS. GINA BARTON 3015 ASPEN TERRACE DANBURY, WI 54830

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖
9590 9402 7297 2028 0419 74

2. Article Number (Transfer from service label)
7021 1970 0000 1722 0629

PS Form 3811, July 2020 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X Gina Barton
☐ Agent
☒ Addressee

B. Received by (Printed Name) Gina Barton
C. Date of Delivery 8/11/72

D. Is delivery address different from Item 1? ☐ Yes
If YES, enter delivery address below: ☒ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

Service Upon

Crina Barton-Defendant
Case# 25-11737
Cardello-Smith-V- USAToday etal



USPS TRACKING #

9590 9402 7297 2028 0419 74

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

United States
Postal Service

• Sender: Please print your name, address, and ZIP+4® in this box•

DERRICK LEE CARDELLO-SMITH
267009

TO

Ionia Correctional Fac. (ICF)
1576 W. Bluewater Hwy.
Ionia, MI. 48846

G-3

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

DERRICK LEE CARDELLO-SMITH
        Plaintiff

Vs                                          Case No 2:25-cv-11737

**Hon. Stephen J. Murphy, III**

USA Today, et al
GINA BARTON,
        Defendants,
_____/

**DEFAULT JUDGMENT**
**AFFIDAVIT AND ENTRY**

PARTY IN DEFAULT: <u>GINA BARTON</u>

        1. In accordance with Rule 55(A)and(B), I request the clerk of the court to enter the
Default of the Party named above for failure to plead or otherwise defend as provided by law.
        2. The Defaulted party is not an infant or incompetent person.
        3. The defaulted party is not in the military service.

                                        _____
                                        Applicant/Attorney Signature.

Subscribed and sworn before me on <u>September 2, 2025, Ionia County Michigan.</u>

My commission expires on  3-10-2029

Signature: _____, State of Michigan County of Ionia.
        Notary-Public

**DEFAULT ENTRY**

        The default of the party named above for failure to plead or otherwise defend is
entered.

_____          _____
Date                                    Clerk of the Court of Officer

**CERTIFICATE OF SERVICE**
        I certify that on this date, I mailed copies of this default for service upon the
appropriate parties or their attorneys by first-class mail to their last known addresses.

_____          _____
Date                                    Derrick Lee Cardello-Smith

STATE OF MICHIGAN)
                 )ss
COUNTY OF IONIA)

### AFFIDAVIT OF TRUTH

On the date of <u>AUGUST 11, 2025,</u> a Summons and Complaint was delivered by Certified Mail-Restricted delivery-Return Receipt <u>(Article # 7021 1970 0000 1722 0629)</u> to defendant <u>Gina Barton, 3015 Aspen Terrace, Danbury, Wisconsin 54830</u> for her part in the lawsuit of <u>Cardello-Smith v. USA Today, et al, Case No 25-11737, united States District Court for the Eastern District of Michigan</u>. The defendant Gina Barton has (21 (days), or until: <u>September 2, 2025</u> to either Plead or otherwise defendant and provide an answer to the Court by way of Motion or Notice of Appearance, as provided by law.

AS of this date, the Defendant, has failed to plead, defend or otherwise due so and now is in default as an individual party to this case for the Amount of:

<u>$250,000,000.00 (two-hundred fifty million dollars)</u>

This amount is to be paid in full within 30 Days, or 30 days of the date of entry of default by the clerk or by said date of the entry of the default by the Clerk of the Court for the Eastern District of Michigan. If not paid by said date above, then through defendant, Tacid will have agreed to <u>LEIN ON ALL PROPERTY SUBJECT TO FULL FORFEITURE IMMEDIATELY!</u>

### DECLARATION

I Affirm and attest that all information is true and correct to the best of my knowledge and ability.

Sworn this date <u>September 2, 2025</u>

Notary Public

Derrick Lee Cardello-Smith
#267009
Ionia Correctional Facility
1576 W. Bluewater Highway
Ionia, MI 48846

WALTON L. SMITH
NOTARY PUBLIC, STATE OF MI
COUNTY OF INDIANA
MY COMMISSION EXPIRES May 10, 2029
ACTING IN COUNTY OF IONIA
9-2-25

## AFFIDAVIT OF TRUTH

On said date <u>August 11, 2025</u> a Summons and Complaint was delivered by Certified Mail Restricted Delivery (Article Number <u>7021 1970 0000 1722 0629</u>) to Defendant <u>Gina Barton</u>, <u>3015 ASPEN TERRACE, DANBURY, WI 54830</u> for her part in the lawsuit <u>Cardello-Smith v. USA Today, et al</u>, Case No. <u>25-11737</u>, <u>United States District Court for the Eastern District of Michigan</u>. The Defendant Gina Barton had (21) days, or until: <u>September 2, 2025</u> to either plead or otherwise defend as provided by law. As of said date above that defendant had to plead or defend, defendant failed to do so and now is in Default for the sum of $ <u>250,000,000.00</u> to be paid in full, with in ~~One~~ 30 days or by said date of ~~Sep~~ _____ from the date of Default Entry by the Court Clerk of the Eastern District of Michigan. If not paid by said date above, then through Defendant Tacid will have agreed to <u>LIEN ON ALL REAL PROPERTY, SUBJECT TO FULL FORFEITURE</u> immediately!

I affirm and attest that all information above is true and correct to the best of my knowledge and ability.

Sworn this Date: <u>9-2-2025</u>

Notary Public: <u>3 Walton</u>

Seal:

Derrick Lee Cardello-Smith
#267009
IONIA CORRECTIONAL FACILITY
1576 W. BLUEWATER HWY
IONIA, MI 48846

WALTON L. SMITH
NOTARY PUBLIC, STATE OF INDIANA
COUNTY OF INDIANA
MY COMMISSION EXPIRES Mar 10, 2026
ACTING IN COUNTY OF IONIA
9-2-25

## Table of Cases

Smith v. Ludwick, 2013 U.S. Dist. LEXIS 117843 ( E.D. Mich., Mar. 14, 2013)
Smith v. Ludwick, 2011 U.S. Dist. LEXIS 71973 ( E.D. Mich., July 5, 2011)
Smith v. Ludwick, 2010 U.S. Dist. LEXIS 89767
Smith v. Berghuis, 2013 U.S. Dist. LEXIS 133084 ( E.D. Mich., Sept. 18, 2013)
Smith v. Heyns, 2013 U.S. Dist. LEXIS 174335 ( E.D. Mich., Oct. 24, 2013)
Smith v. Heyns, 2013 U.S. Dist. LEXIS 173816 ( E.D. Mich., Dec. 12, 2013)
Smith v. Ludwick, 2013 U.S. Dist. LEXIS 117843 ( E.D. Mich., Mar. 14, 2013)
Smith v. Ludwick, 2014 U.S. Dist. LEXIS 59346 ( E.D. Mich., Feb. 4, 2014)
Smith v. Hoffner, 2014 U.S. Dist. LEXIS 125232 ( E.D. Mich., June 30, 2014)
Smith v. Hoffner, 2014 U.S. Dist. LEXIS 170672, 2014 WL 698436 ( E.D. Mich., Dec. 10, 2014)
Smith v. Hoffner, 2015 U.S. Dist. LEXIS 37461, 2015 WL 1345392 ( E.D. Mich., Mar. 25, 2015)
Smith v. Berghuis, 2013 U.S. Dist. LEXIS 133084 ( E.D. Mich., Sept. 18, 2013)
Smith v. Heyns, 2013 U.S. Dist. LEXIS 174335 ( E.D. Mich., Oct. 24, 2013)
Smith v. Heyns, 2013 U.S. Dist. LEXIS 173816 ( E.D. Mich., Dec. 12, 2013)
Smith v. Ludwick, 2013 U.S. Dist. LEXIS 117843 ( E.D. Mich., Mar. 14, 2013)
Smith v. Ludwick, 2014 U.S. Dist. LEXIS 59346 ( E.D. Mich., Feb. 4, 2014)
In re Smith, 2014 U.S. App. LEXIS 14470 (6th Cir., 2014)
Smith v. Hoffner, 2014 U.S. Dist. LEXIS 125232 ( E.D. Mich., 2014)
Smith v. Hoffner, 2014 U.S. Dist. LEXIS 170672, 2014 WL 6986436 ( E.D. Mich., 2014)
Smith v. Hoffner, 2015 U.S. Dist. LEXIS 37461, 2015 WL 1345392 ( E.D. Mich. 2015)
Smith v. Bauman, 2016 U.S. Dist. LEXIS 29789, 2016 WL 898541 ( E.D. Mich 2016)
Smith v. Bauman, 2022 U.S. Dist. LEXIS 24205, 2022 WL 407369 ( E.D. Mich, 2022)
Smith v. Bauman, 2024 U.S. Dist. LEXIS 167459 ( E.D. Mich. 2024)
In re Smith, 2025 U.S. App. LEXIS 15620
In re Smith, 2025 U.S. Dist LEXIS 131520
In re Smith, 2025 U.S. App. LEXIS 2828
In re Smith, 2014 U.S. App. LEXIS 14470 (6th Cir., June 6, 2014)

Smith v. Bauman, 2010 U.S. Dist. LEXIS 5338 ( E.D. Mich., Jan. 25, 2010)
Smith v. Evans, 2008 U.S. Dist. LEXIS 25394 ( E.D. Mich., Mar. 31, 2008)
Derrick v. Bauman, 2018 U.S. Dist. LEXIS 208499, 2018 WL
CardelloSmith v. Combs, 2024 U.S. Dist. LEXIS 209149 ( E.D. Mich., Nov. 18, 2024)
Cardello-Smith v. Combs, 2024 U.S. Dist. LEXIS 215615, 2024 WL 5301448 (S.D.N.Y., Nov. 25, 2024)
Cardello-Smith v. Combs, 2024 U.S. Dist. LEXIS 232000 ( E.D. Mich., Dec. 23, 2024)
Cardello-Smith v. Combs, 2025 U.S. Dist. LEXIS 11312 ( E.D. Mich., Jan. 22, 2025)
CardelloSmith v. Combs, 2025 U.S. Dist. LEXIS 25505, 2025 WL 475840 (Feb. 12, 2025)
Cardello-Smith v. Combs, 2025 U.S. Dist. LEXIS 38606 (Mar. 4, 2025)
CardelloSmith v. Combs, 2025 U.S. Dist. LEXIS 80218 (Apr. 28, 2025)

| United States District Court For The Eastern District Of Michigan | DEFAULT JUDGMENT, AFFIDAVIT, AND ENTRY | CASE NO. 25-11737 HON. STEPHEN MURPHY |
|---|---|---|

DERRICK LEE CARDELLO-SMITH
#267009
IONIA CORRECTIONAL FACILITY
1576 W. BLUEWATER HWY
IONIA, MI 48846
　　　　PLAINTIFF,

V

GINA BARTON
3015 ASPEN TERRACE
DANBURY, WI 54830
　　　　　　DEFENDANT,
(USA Today, et al)

PARTY IN DEFAULT: ___GINA BARTON___

## REQUEST AND AFFIDAVIT

1) In accordance with Rule 55(a) and (b)(1), I request the clerk to enter the default of the party named above for failure to plead or otherwise defend as provided by law.

2) The defaulted party is not an infant or incompetent person.

3) The defaulted party is not in the military service.

WALTON L. SMITH
NOTARY PUBLIC, STATE OF MI
COUNTY OF INGHAM
MY COMMISSION EXPIRES Mar 10, 2029
ACTING IN COUNTY OF IONIA
9-2-25

_____    _____ ____
　　　　　　　　　　　　　Applicant/Attorney Signature    Bar No.

Subscribed and sworn to before me on ___SEPTEMBER 2___, __2025__
　　　　　　　　　　　　　　　　　　　　　　　　　Date
County, Michigan. My Commission expires: __3-10-2025__
Signature: _____, Notary public, State of Michigan, County
　　　　　　Notary Public　　　　　　　　Date
OF ___IONIA___

## DEFAULT ENTRY

The default of the party named above for failure to plead or otherwise defend is entered.

_____　　　　　　　_____
　　Date　　　　　　　　　　　　　　　Court Clerk

## CERTIFICATE OF MAILING

I certify that on this date copies of this default were served on the appropriate parties or their attorneys by First-class mail to their last known addresses.

_____　　　　　　　_____
　　DATE　　　　　　　　　　　　　　　SIGNATURE

*Cardello- Smith v Jpay LLC, 2023 US Dist Lexis 101739*
*Cardello- Smith v Jpay LLC, 2023 US Dist Lexis 102298*

*People v Cardello- Smith, 11 NW 3d 848 (2024)*
*People v Cardello- Smith, 11 NW 3d 502 (2024)*
*People v Cardello- Smith, 513 Mich 889 (2023)*
*People v Cardello- Smith, 507 Mich 955 (2021)*
*People v Cardello- Smith, 2021 Mich App LEXIS 133*
*People v Cardello- Smith, 2021 Mich App LEXIS 3836*
*People v Cardello- Smith, 2021 Mich App LEXIS 3828*
*People v Cardello- Smith, 2021 Mich App LEXIS 4168*
*People v Cardello- Smith, 2021 Mich App LEXIS 3834*
*People v Cardello- Smith, 2021 Mich App LEXIS 3839*
*People v Cardello- Smith, 2021 Mich App LEXIS 4387*
*People v Cardello- Smith, 2021 Mich App LEXIS 1491*
*People v Cardello- Smith, 2021 Mich App LEXIS 1337*
*People v Cardello- Smith, 2021 Mich App LEXIS 1050*
*People v Cardello- Smith, 2021 Mic hApp LEXIS 146*
*People v Cardello- Smith, 2021 Mich App LEXIS 743*
*People v Cardello- Smith, 2021 Mich App LEXIS 741*
*People v Cardello- Smith, 513 Mich LEXIS 1001 (2024)*
*People v Cardello- Smith, 2023 Mich App LEXIS 9363*
*People v Cardello- Smith, 2023 Mich App LEXIS 8072*
*People v Cardello- Smith, 2023 Mich App LEXIS 7938*
*People v Cardello- Smith, 2023 Mich App LEXIS 7939*
*People v Cardello- Smith, 2023 Mich App LEXIS 6207*
*People v Cardello- Smith, 2023 Mich App LEXIS 7955*
*People v Cardello- Smith, 2023 Mich App LEXIS 7935*
*People v Cardello- Smith, 2023 Mich App LEXIS 7936*
*People v Cardello- Smith, 2023 Mich App LEXIS 8222*
*People v Cardello- Smith, 2024 Mich App LEXIS 1550*
*People v Cardello- Smith, 2024 Mich App LEXIS 1050*
*People v Cardello- Smith, 2024 Mich App LEXIS 1337*
*People v Cardello- Smith, 2021 Mich App LEXIS 3828*
*People v Smith, 2019 Mich App LEXIS 1050*
*People v Smith, 2010 Mich App 2860*
*People v. Smith, 2010 Mich. App. LEXIS 2866*

*Smith v MDOC Director, 2020 Mich app LEXIS 6118*
*Smith v MDOC Director, 2020 Mich app LEXIS 4378*
*Smith v MDOC Director, 2020 Mich app LEXIS 4465*
*Smith v Schiebner, 2022 US APP LEXIS 15112*

Cardello-Smith v. Combs, 2025 U.S. App. LEXIS 15081 (June 17, 2025)
Cardello-Smith v. Combs, 2025 U.S. Dist. LEXIS 121362(E.D. Mich., June 23, 2025)
Cardello-Smith v. Combs, 2025 U.S. Dist. LEXIS 25505
Cardello-Smith v. Combs, 2025 U.S. Dist. LEXIS 13500

Cardello-Smith v. JPay, LLC, 2025 U.S. Dist. LEXIS 13942
Cardello-Smith v. Bd. of Law Exam'rs, 2024 Mich. App. LEXIS 10151

Smith v. Ionia Corr. Facility Staff, 2024 U.S. Dist. LEXIS 79950
*Derrick v Mirles-Smith, 2019 US Dist LEXIS 15359*

*Cardello-Smith v. Dep't of Corr., 2025 Mich. App. LEXIS 831*
*Cardello-Smith v. Dep't of Corr, 2023 US Dist LEXIS 6046*
*Cardello-Smith v Jordan, 2022 Mich App LEXIS 2083*
*Cardello-Smith v Jordan 2022 Mich App LEXIS 6244*
*Cardello Smith v Burt, 2022 US Dist LEXIS 83587*
*Cardello Smith v Burt, 2022 US Dist LEXIS 171792*
*Cardello Smith v Burt, 2022 US Dist LEXIS 172506*
*Cardello Smith v Burt, 2021 US Dist LEXIS12767*

*Derrick Smith v Burt, 2020 US Dist LEXIS 258045*
*Derrick Smith v Burt, 2020 US Dist LEXIS 257972*
*Derrick Smith v Burt, 2020 US Dist LEXIS 124767*
*Derrick Smith v Burt, 2020 US Dist LEXIS 68638*

Cardello-Smith v. Archdiocese of Det., 2024 Mich. App. LEXIS 5185 (Mich. Ct. App., July 3, 2024)
Cardello-Smith v. Archdiocese of Detroit, 2024 Mich. App. LEXIS 5974 (Mich. Ct. App., Aug. 1, 2024)
Cardello-Smith v. Archdiocese of Detroit, 2024 Mich App LEXI 5133
**Cardello smith v MDOC Executor Admin Manga Div, 2021 Mich App Lexis 2298**
**Cardello smith v MDOC Executor Admin Manga Div, 2021 Mich App Lexis 1615**
**Cardello smith v MDOC Executor Admin Manga Div, 2022 US Dis LEXIS 124850**
**Cardello smith v Muskegon Correctional, 2021 Mich App Lexis 3371**
**Cardello smith v Muskegon Correction, 2022 Mich App Lexis 5328**
**Cardello smith v Muskegon, 2022 Mich App Lexis 2099**
**Cardello smith v. Carpenter, 2021 Mich App 2299**
**Cardello smith v. Google LLC, 2021 US Dist LEXIS 201793**
*Cardello smith v Garrett, 2023 Mich App Lexis 7815*
*Cardello- Smith v. Wayne Cnty. Clerk, 2024 Mich. App. LEXIS 3780 (Mich. Ct. App., May 17, 2024)*
*Cardello- Smith v Wayne Cnty Clerk, 2021 Mich app Lexis 703*
*Cardello- Smith v Wayne Cnty Clerk, 2021 Mich app Lexis 3450*
*Cardello- Smith v Wayne Cnty Clerk, 2021 Mich app Lexis 2437*
*Cardello- Smith v Jpay LLC, 2025 US Dist Lexis 13942*

*Smith v, Schiebner, 2022 US APP LEXIS 11220*

*Derrick v Schiebner, 2022 US APP LEXIS 21494*
*Derrick v Schiebner, 2021 US Dist LEXIS 24326*
*Derrick v Unis, 2019 US Dis LEXIS 124087*

*Smith v, Schiebner, 2021 US APP LEXIS 244309*
*Smith v, Schiebner, 2021 US APP LEXIS 224043*
*Smith v, Schiebner, 2021 US APP LEXIS 224041*
*Smith v. WriteAPrisoner, 2021 US Dist LEXIS 11030*
*Smith v. WriteAPrisoner, 2021 US Dist LEXIS 16830*
*Smith v. WriteAPrisoner, 2021 US Dist LEXIS 38538*

*Smith v. Unknown Party, 2021 US Dist LEXIS 224042*
*Smith v, Unknown Party, 2021 US Dist LEXIS 200704*
*Smith v Washington, 2021 US Dist Lexis 24166*
*Smith v Jones, 2023 US App LEXIS 24160*
*Smith v Brock, 2023 US Dist LEXIS 91855*
*Smith v Brock, 2023 US Dist LEXIS 240457*
*Smith v Brock, 2023 US Dist LEXIS 240453*
*Smith v Brock, 2023 US Dist LEXIS 285509*
*Smith v King, 2024 US Dis LEXIS 191507*
*Smith v Public Integrity Unit, 2024 US Dist LEXIS 170574*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DERRICK LEE CARDELLO-SMITH,

        Plaintiff,

v.

USA TODAY, et al.,

        Defendants.

_____/

Case No. 2:25-cv-11737

HONORABLE STEPHEN J. MURPHY, III

## ORDER ENJOINING FILER

Derrick Cardello-Smith is a frequent filer in this district and proceeds here *pro se*. *See* ECF No. 13, PageID.169–170. The present matter initially failed to pass muster under the three-strike rule of 28 U.S.C. § 1915(g), despite many jurists informing Cardello-Smith that he is no longer entitled to proceed *in forma pauperis*. *See* ECF No. 13, PageID.169–170. The Court has reason to believe that Cardello-Smith is a vexatious litigant and accordingly must take steps to ensure that the case proceeds appropriately. *See Cardello-Smith v. Combs*, No. 24-cv-12647, 2025 WL 269167, at *5–6 (E.D. Mich. Jan. 22, 2025).

Courts in this district consider the following factors when deciding whether to impose pre-filing requirements on litigants: (1) the litigant's history of litigation and in particular whether it entails vexatious, harassing, or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation—*e.g.*, whether the litigant has an objective good faith expectation of prevailing; (3) whether the litigant is represented by counsel; (4) whether the litigant caused needless expense to other parties or has posed

1

an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and the other parties. *Id.* at *6. "Ultimately, the question the court must answer is whether a litigant who has a history of vexatious litigation is likely to continue to abuse the judicial process and harass other parties." *Id.*

In an earlier-filed case, Judge Levy determined that Cardello-Smith's litigation conduct in that case and in his prior lawsuits satisfied the factors and warranted pre-filing restrictions. *Cardello-Smith v. Combs*, No. 24-cv-12647, 2025 WL 1951722, at *10–11 (E.D. Mich. June 30, 2025).[1] Judge Levy explained that Cardello-Smith "has continued to file duplicative, fabricated, harassing, and unnecessary documents on the docket." *Id.* at *9. That conduct included filing frivolous or barred lawsuits, filing duplicative and frivolous motions, and fabricating affidavits—including some purportedly from the victims of his crimes. *Cardello-Smith*, 2025 WL 269167, at *6–7, *10.

Much of Cardello-Smith's vexatious conduct that Judge Levy identified was related to the underlying issue to which this defamation case relates—his allegations against Sean Combs. *See id.*; ECF No. 1, PageID.6. In fact, the present litigation is based entirely on reporting related to the case in which Judge Levy enjoined Cardello-Smith. ECF No. 1, PageID.21. Moreover, here, Cardello-Smith filed meritless and duplicative motions. He filed three duplicative motions to disqualify the undersigned

---

[1] The Court's understanding is that Judge Levy's order applies prospectively to newly filed cases, but not to the present case because it was filed before her order was docketed.

2

based on a meritless argument that he appears to submit routinely in other cases. ECF Nos. 7, 12, 15; *Cardello-Smith*, 2025 WL 1951722, at *2–3. He filed several duplicative motions for the Clerk to issue summons. ECF Nos. 10, 18. Cardello-Smith's conduct here leads the Court to conclude that extension of the restrictions imposed by Judge Levy, *see Cardello-Smith*, 2025 WL 1951722, at *11, is proper and necessary to protect the Court and Defendants from vexatious conduct. Judge Levy first warned Cardello-Smith that his conduct might warrant enjoinment nearly six months before he filed this case, *Cardello-Smith*, 2025 WL 269167, at *8. And the following restrictions are narrowly tailored and no greater than necessary to address the risk of Cardello-Smith's vexatious litigation conduct.

**WHEREFORE**, it is hereby **ORDERED** that Plaintiff Derrick Lee Cardello-Smith is **ENJOINED** from filing any documents in this case without first seeking and obtaining leave of Court under Local Rule 5.2. Specifically, he must receive permission by following the requirements below:

1. Whenever Cardello-Smith, seeks to make any file, he must file a "Motion Pursuant to Court Order Seeking Leave to File."

2. With the above Motion Pursuant to Court Order Seeking Leave to File, Cardello-Smith must attach the following as exhibits:

   a. A copy of the document he proposes to file;

   b. A copy of this Order and Judge Levy's order from Case 5:24-cv-12647 ECF No. 169;

3

c. A written declaration which he has prepared pursuant to 28 U.S.C. § 1746 or a sworn affidavit, certifying that (1) the document raises a new issue which has never been previously raised by him in this or any other court, (2) the claim or issue is not frivolous, and (3) the proposed filing is not being filed in bad faith;

d. A document containing a list showing (1) the complete caption of every suit that has been previously filed by him or on his behalf in any court against each defendant in any new suit he wishes to file and (2) the complete caption of every suit which he has currently pending;

e. A complete set of copies of each Complaint identified and listed in the document required by subparagraph (d) above, along with a record of its disposition.

The Court may deny any Motion for leave to file if it does not comply with the above requirements or if the proposed filing is duplicative, frivolous, vexatious, or harassing. If the Motion is denied, the proposed filing shall not be accepted for filing. Cardello-Smith's failure in any way to comply fully with the terms of this Order shall be sufficient grounds to deny any Motion for leave to file.

**IT IS FURTHER ORDERED** that to prevent future harassment and waste of the Court's limited resources, the Clerk's office **MUST** follow the procedures

outlined in Local Rules 5.2 and 83.11(b)(9).

     **SO ORDERED.**

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: August 8, 2025

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on August 8, 2025, by electronic and/or ordinary mail.

s/ R. Loury
Case Manager

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

Derrick Lee Cardello-Smith,

|  |  |
|---|---|
| Plaintiff, | Case No. 24-cv-12647 |
| v. | Judith E. Levy<br>United States District Judge |
| Sean Combs, | |
| Defendant. | Mag. Judge Kimberly G. Altman |

_____/

## OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO DISQUALIFY JUDGE [149], DENYING PLAINTIFF'S MOTIONS FOR EXTENSION OF TIME TO FILE NOTICE OF APPEAL [122, 123], GRANTING DEFENDANT'S RENEWED MOTION FOR SANCTIONS AND TO STRIKE [118], AND DENYING PLAINTIFF'S MOTION FOR SANCTIONS [148]

Before the Court is Plaintiff's Motion to Disqualify Judge, (ECF No. 149), Plaintiff's Motions for Extension of Time to File a Notice of Appeal, (ECF Nos. 122, 123), Defendant's Renewed Motion for Sanctions and to Strike, (ECF No. 118), and Plaintiff's Motion for Sanctions. (ECF No. 148.) For the reasons set forth below, the Court denies Plaintiff's Motion to Disqualify Judge, (ECF No. 149); denies Plaintiff's Motions for Extension of Time to File a Notice of Appeal, (ECF Nos. 122, 123); grants

Defendant's Renewed Motion for Sanctions and to Strike, (ECF No. 118); and denies Plaintiff's Motion for Sanctions. (ECF No. 148.)

## I.   Background

The Court dismissed this case on January 22, 2025. *Cardello-Smith v. Combs*, No. 24-cv-12647, 2025 WL 269167 (E.D. Mich. Jan. 22, 2025). At that time, it summarized the factual and procedural background of the litigation. *Id.* at *1–2. The Court entered judgment in favor of Defendant that same day. (ECF No. 93.)

In the ruling dismissing the case, the Court found that Plaintiff had filed duplicative submissions, as well as some filings that appeared to be forged. *Cardello-Smith*, 2025 WL 269167, at *7. Nonetheless, the Court declined Defendant's request to sanction Plaintiff but warned Plaintiff "to refrain from duplicative, frivolous, or harassing filings, including the filing of additional lawsuits related to the allegations in this case or the filing of unnecessary papers on the dockets of cases that have been dismissed." *Id.* at *8. It stated that failure to comply "will result in significant pre-filing restrictions being placed on Plaintiff," as well as other potential sanctions such as striking Plaintiff's filings. *Id.* On March 4, 2025, the Court warned Plaintiff again, noting that Plaintiff continues

2

to file "repetitive and meritless motions in violation of the Court's warnings." (ECF No. 107, PageID.1826 (referencing ECF Nos. 100, 101, 102, 105, 106).) On April 28, 2025, the Court gave Plaintiff a "final warning to . . . refrain from duplicative, frivolous, fraudulent, or harassing filings." (ECF No. 141, PageID.2001.)

Plaintiff has filed over 40 submissions on the docket since the case was dismissed, including submissions that have been docketed following the Court's post-judgment warnings to Plaintiff. Defendant has filed a renewed motion for sanctions against Plaintiff. (ECF No. 118.) Three Wayne County officials and employees named in Plaintiff's filings have appeared as amici curiae in support of Defendant's renewed motion for sanctions. (ECF No. 167.)

The Court has denied several of Plaintiff's motions. (ECF Nos. 103, 107.) Over a dozen of Plaintiffs' motions are pending. All these pending motions were filed following the dismissal of the case. Plaintiff has filed multiple motions seeking to vacate the dismissal of this case and reopen it. (ECF Nos. 116, 117, 146, 152, 156.) He has also filed multiple motions to request an evidentiary hearing. (ECF Nos. 129, 140, 150.) In addition, he has filed a motion for a preliminary injunction and a stay of

3

enforcement of the judgment, (ECF No. 108), a motion related to the timing of his response to Defendant's sanctions motion, (ECF No. 137), a motion for sanctions, (ECF No. 148), and a motion to disqualify the undersigned as judge in this case. (ECF No. 149.) A further motion asks the Court to admit certain documents into evidence. (ECF No. 168.) Plaintiff has also filed numerous other submissions that are not motions. (*See, e.g.*, ECF Nos. 109, 110, 111, 112, 113, 126, 128, 155, 157.)

In addition to this steady stream of post-judgment motions and other submissions, Plaintiff has docketed various filings related to a possible appeal. Plaintiff's deadline for filing a notice of appeal was 30 days after entry of judgment. 28 U.S.C. § 2107; Fed. R. App. P. 4(a). Judgment was entered in this case on January 22, 2025. (ECF No. 93.) Plaintiff's notice of appeal was docketed on March 17, 2025. (ECF No. 114.)

On March 27, 2027, the Sixth Circuit ordered Plaintiff to show cause why his appeal should not be dismissed due to his untimely filing of a notice of appeal.[1] (ECF No. 159, PageID.2127.) Plaintiff responded to

---

[1] Presently, the Court addresses appeal case No. 25-1245, which is the one on remand from the Sixth Circuit. Plaintiff filed a separate appeal case in the Sixth

4

the Sixth Circuit's show cause order. On April 8, 2025, Plaintiff's two motions for an extension of time to file a notice of appeal were docketed, though the motions themselves are dated February 3, 2025. (ECF Nos. 122, 123.) Defendant responded in opposition. (ECF No. 131.) On June 17, 2025, the Sixth Circuit remanded the case for consideration of whether the time for filing a notice of appeal should be extended. (ECF No. 159, PageID.2128.)

## II. Analysis

Although this case is on limited remand from the Sixth Circuit to consider Plaintiff's two motions for an extension of time to file a notice of appeal, the Court nonetheless has jurisdiction to decide several other pending motions: two motions for sanctions and a motion to disqualify the undersigned. The Sixth Circuit has explained that "the Supreme Court has consistently held that federal courts retain jurisdiction over issues—such as sanctions—that are collateral to the merits." *Red Carpet Studios Div. of Source Advantage, Ltd. v. Sater*, 465 F.3d 642, 645 (6th Cir. 2006). A sanctions issue does not "bear[] on the merits of a case," but

---

Circuit related to this litigation, which was dismissed for want of prosecution. (ECF No. 160.) That dismissed appeal case, No. 25-1246, is not at issue here.

instead relates to the Court's power to "command obedience . . . and to deter and punish those who abuse the judicial process." *Id.* The inherent authority to impose sanctions is "ever present." *Id.* Like a motion for sanctions, Plaintiff's motion to disqualify the undersigned is collateral to the merits of the case. Resolving that motion does not require the Court to "assess[] . . . the legal merits of the complaint." *Cooter & Gell v. Hartmax Corp.*, 496 U.S. 384, 396 (1990). Instead, a motion to disqualify a judge relates to whether a judge may proceed any further with adjudicating a case. *See* 28 U.S.C. § 144; 28 U.S.C. § 455. Accordingly, in addition to Plaintiff's two motions for an extension of time to file a notice of appeal, (ECF Nos. 122, 123), the Court will consider Plaintiff's Motion to Disqualify Judge, (ECF No. 149); Defendant's Renewed Motion for Sanctions and to Strike, (ECF No. 118); and Plaintiff's Motion for Sanctions. (ECF No. 148.)

### A.    Motion to Disqualify

On May 20, 2025, Plaintiff docketed a motion for the disqualification of the undersigned (the "Motion to Disqualify"), following his various filings related to his appeal. (ECF No. 149.) Plaintiff seeks to

disqualify the undersigned pursuant to 28 U.S.C. § 144 and 28 U.S.C. § 455.

§ 144 states, in relevant part:

Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

28 U.S.C. § 144.

Motions to recuse "are to be decided in the first instance by the judicial officer sought to be disqualified." *Moss v. Fairborn City Sch.*, No. 3:08CV00393, 2009 WL 10679470, at *1 (S.D. Ohio Nov. 5, 2009) (motions pursuant to 28 U.S.C. § 455); *Honorable Order of Ky. Colonels, Inc. v. Ky. Colonels Int'l*, No. 3:20-CV-132-RGJ, 2025 WL 1117428, at *2 (W.D. Ky. Apr. 15, 2025) ("Although § 144 on its face appears to require automatic disqualification once a motion and affidavit are filed, it is proper for the challenged judge to rule on the motion for recusal to determine whether it is legally sufficient.").

Plaintiff asserts that the undersigned has a personal or professional bias that warrants a hearing and, potentially, recusal from the case.

7

(ECF No. 149, PageID.2039.) He asserts that the Court has "shown favoritism" to Defendant. (*Id.* at PageID.2044.) He believes this favoritism is demonstrated by the Court's decision to rule on the briefs in this litigation rather than to hold oral argument, his disagreements with the Court's rulings against him in this case, and the fact that the Court has not yet ruled on all the motions he has filed. (*Id.* at PageID.2044–2047.) The Sixth Circuit instructs:

> To warrant recusal under § 144, an affidavit must "allege[ ] facts which a reasonable person would believe would indicate a judge has a personal bias against the moving party." *General Aviation, Inc. v. Cessna Aircraft, Co.,* 915 F.2d 1038, 1043 (6th Cir. 1990). The alleged facts, moreover, must relate to "extrajudicial conduct rather than . . . judicial conduct." *United States v. Story,* 716 F.2d 1088, 1091 (6th Cir. 1983) (internal quotation marks omitted). In other words, the affidavit must allege facts showing "a personal bias as distinguished from a judicial one, arising out of the judge's background and association and not from the judge's view of the law." *Id.* at 1090 (internal quotation marks omitted).

*Ullmo ex rel. Ullmo v. Gilmour Acad.,* 273 F.3d 671, 681 (6th Cir. 2001) (omissions in original); *see also United States v. Cohen*, 644 F. Supp. 113, 117 (E.D. Mich. 1986) ("[T]he mere fact that a court rules adversely to a defendant during the course of a case does not establish personal bias or prejudice." (cleaned up)). Here, Plaintiff's § 144 affidavit is insufficient

8

because it does not relate to extrajudicial conduct. Instead, it only discusses the Court's judicial decision-making. As such, Plaintiff's arguments related to § 144 are without merit.

Plaintiff also asserts that the undersigned should be disqualified pursuant to § 455 because her impartiality "might reasonably be questioned" and she has "has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." (ECF No. 149, PageID.2040 (quoting 28 U.S.C. § 455).). The Sixth Circuit has explained that § 455 must be read in the same manner as § 144; the difference between them is that § 455 requires disqualification "even in the absence of a party complaint." *Story*, 716 F.2d at 1091. Like § 144, disqualification based on § 455 must be based on extrajudicial conduct. *Id.*; *Youn v. Track, Inc.*, 324 F.3d 409, 423 (6th Cir. 2003) (same); *Kersh v. Borden Chem., a Div. of Borden, Inc.*, 689 F. Supp. 1457, 1459 (E.D. Mich. 1988) ("the standard for determining whether recusal under § 455 should be granted is identical to the personal bias requirement of § 144.") Because Plaintiff only alleges

objections based on the undersigned's judicial conduct, his motion is without merit with respect to § 455, just as it was with respect to § 144.[2]

For the reasons set forth, Plaintiff does not present any basis to warrant holding a hearing on disqualification or that would warrant the undersigned being recused from handling this case. Accordingly, Plaintiff's Motion to Disqualify is denied.

### B. Motion for Extension to File Notice of Appeal

The Sixth Circuit remanded this case "for consideration of whether the time for filing a notice of appeal should be extended." (ECF No. 159, PageID.2128.) For the reasons set forth below, the Court does not grant such an extension.

### i. Notice of Appeal

Notices of appeal are due 30 days after entry of judgment. 28 U.S.C. § 2107; Fed. R. App. P. 4(a)(1)(A). "[T]he requirement of filing a timely notice of appeal is mandatory and jurisdictional." *Bowles v. Russell*, 551 U.S. 205, 207 (2007) (cleaned up). Judgment was entered in this case on

---

[2] The Court notes that Plaintiff also does not cite any legal support for his objections to the Court's rulings and overall administration of the case, nor does he demonstrate that any of the Court's conduct was inconsistent with the Federal Rules of Civil Procedure, the applicable caselaw, or any other applicable provision.

January 22, 2025. (ECF No. 93.) The deadline for filing a notice of appeal was therefore on February 21, 2025.

On March 17, 2025, after the applicable 30-day deadline had passed, Plaintiff filed a notice of appeal, which was served upon the Sixth Circuit. (ECF Nos. 114, 115.) The notice of appeal was signed and mailed to this Court on March 11, 2025. (ECF No. 114, PageID.1857.) It indicated that Plaintiff planned to submit a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60 "prior to the Court of Appeals [o]btaining [f]ull [j]urisdiction over the [c]ase." (*Id.* at PageID.1856.) The March 17, 2025 notice of appeal, which was filed after the deadline, was untimely.

On March 27, 2025, the Sixth Circuit ordered Plaintiff to show cause why his appeal should not be dismissed for filing a late notice of appeal. In Plaintiff's April 7, 2025 response to the Sixth Circuit's show cause order, he states that he filed a notice of appeal prior to the March 17, 2025 notice of appeal. (Case No. 25-1245, Doc. 4, Page 2 (6th Cir.) (stating that the first notice of appeal "should have been docketed but it was not docketed, and that it was not through any [f]ault of the Plaintiff").) The record before the Court does not include any notice of

11

appeal filed prior to March 17, 2025, nor does the Court have any evidence from which it can conclude that any such notice existed.

### ii.    Extension of Time to File Notice of Appeal

The question before the Court is therefore whether it should grant Plaintiff's motions for extension of time to file a notice of appeal. (ECF Nos. 122, 123.) Plaintiff's two motions for an extension of time to file a notice of appeal were docketed on April 8, 2025. (*Id.*) These Rule 4(a)(5) motions were marked as signed and mailed on February 3, 2025, but post office and court clerk stamps mark them as mailed on April 2 and 3, 2025 and received on April 8, 2025. (ECF No. 122, PageID.1916; ECF No. 123, PageID.1918.) The applicable rules require the Court to deny these motions.

Under Federal Rule of Appellate Procedure 4(a)(5)(A), the deadline for a notice of appeal may be extended if:

> (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and

> (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.

Fed. R. App. P. 4(a)(5)(A).

The Sixth Circuit has held that

12

> The prison mailbox rule has been long established, and we have recognized the typical rule that a *pro se* prisoner's notice of appeal is deemed "filed at the time [*pro se* prisoner] delivered it to the prison authorities for forwarding to the court clerk." *Houston v. Lack*, 487 U.S. 266, 276 (1988); *Tanner v. Yukins*, 776 F.3d 434, 436 (6th Cir. 2015) ("notice of appeal was considered filed when it reached the mailroom"); *see also Richard v. Ray*, 290 F.3d 810, 813 (6th Cir. 2002) (prison mailbox rule for filing applies to civil complaints filed by *pro se* petitioners incarcerated at the time of filing).

*United States v. Smotherman*, 838 F.3d 736, 737 (6th Cir. 2016).

The Sixth Circuit has held that a pro se incarcerated litigant filing a motion for an extension of time under Federal Rule of Appellate Procedure 4(a)(5)

> can demonstrate compliance with the prison mailbox rule by providing a notarized statement or a declaration under penalty of perjury of the date on which the documents were given to prison authorities and attesting that the postage was prepaid, or by providing other evidence, such as a postmark or date stamp, showing timely delivery and prepayment of postage.

*Williams v. Bauman*, No. 17–1532, 2017 WL 5438884, at *1 (6th Cir. 2017). The burden is on Plaintiff to prove timeliness. *See Smotherman*, 838 F.3d at 738–39.

The initial question here is whether the Rule 4(a)(5) motions were timely under Federal Rule of Appellate Procedure 4(a)(5)(A)(i). Fed. R.

App. P. 4(a)(5)(A)(i) (permitting the Court to extend the deadline for a notice to appeal if the moving party submits their request "no later than 30 days after the time prescribed by this Rule 4(a) expires"). To be timely under this provision, the Rule 4(a)(5) motions must have been filed by March 24, 2025.

In *Williams*, the Sixth Circuit held that a plaintiff's Rule 4(a)(5) motion was untimely when it was dated the day before it was due, but there was no further evidence supporting the motion's timeliness. *Williams*, 2017 WL 5438884 at *1. Plaintiff's Rule 4(a)(5) motions are dated February 3, 2025, but they do not contain a declaration of mailing, nor are they notarized. (ECF No. 122, PageID.1915; ECF No. 123, PageID.1917.) They were received and docketed on April 8, 2025. (ECF Nos. 122, 123.) The envelopes in which the motions were mailed are postmarked April 2 and 3, 2025.[3] (ECF No. 122, PageID.1916; ECF No. 123, PageID.1918.) These circumstances mirror the facts in *Williams*,

---

[3] In Plaintiff's response to the Sixth Circuit's show cause order, he asserts that he sent his request for an extension on February 3, 2025 by turning it over to prison staff. (Case No. 25-1245, Doc. 4, Page 3 (6th Cir.).) Despite that, he asserts, the Rule 4(a)(5) motion was not mailed in a timely manner. (*Id.* at Pages 3–4.) But the Sixth Circuit has not indicated that the Court can consider such statements, which are not sworn or notarized and are presented in a separate document filed after the original Rule 4(a)(5) motion.

14

where the motion was deemed untimely. Plaintiff's Rule 4(a)(5) motions are therefore untimely under Federal Rule of Appellate Procedure 4(a)(5)(A)(i).

Federal Rule of Appellate Procedure 4(a)(5)(A)(ii) provides, however, that an extension is permissible "regardless of whether [the] motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause." Fed. R. App. P. 4(a)(5)(A)(ii). "Good cause will be found where forces beyond the control of the appellant prevented [them] from filing a timely notice of appeal." *Nicholson v. City of Warren*, 467 F.3d 525, 526 (6th Cir. 2006). As to excusable neglect, the Sixth Circuit explains:

> [w]hether neglect is "excusable" is an equitable determination that weighs "all relevant circumstances," including the danger of prejudice to the other party, the length of the delay and its effect on the judicial proceeding, the reason for the delay and whether it was within the moving party's control, and whether the moving party acted in good faith. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380, 395 (1993). The excusable neglect standard is "strict, and can be met only in extraordinary cases." *Turner v. City of Taylor,* 412 F.3d 629, 650 (6th Cir. 2005) (quoting *Marsh v. Richardson,* 873 F.2d 129, 130 (6th Cir. 1989)).

*Jackson v. Chandler*, 463 F. App'x 511, 513 (6th Cir. 2012).

In Plaintiff's Rule 4(a)(5) motions, he asserts that he "has been transferred to a new facility and has to gather all [his] [l]egal [pr]roperty together." (ECF No. 122, PageID.1915; ECF No. 123, PageID.1917.) This brief statement does not constitute good cause or excusable neglect.

The Sixth Circuit affirmed a court's denial of an extension due to lack of good cause even where a plaintiff was "hospitalized for three days and housebound for three weeks," leaving only twice for brief errands, because "those facts did not establish that she was *unable* to file [on the docket] as a result of those challenges." *Proctor v. N. Lakes Cmty. Mental Health*, 560 F. App'x 453, 457–58 (6th Cir. 2014) (emphasis in original). Plaintiff does not assert any inability to file a notice of appeal in his cursory statement about a prison transfer. (*See* ECF No. 122, PageID.1915; ECF No. 123, PageID.1917.) Further, during the 30 days after January 22, 2025, when the judgment was issued, Plaintiff was able to able to docket other filings. (*See* ECF No. 104 (dated February 4, 2025 and postmarked February 5, 2025).) There was therefore not good cause for Plaintiff's failure to timely docket a notice of appeal or a notice that his appeal would be untimely due to circumstances beyond his control.

16

Further, Plaintiff does not establish that excusable neglect justifies an extension. He has not shown that there is anything extraordinary about his situation that would warrant such an extension. *Jackson*, 463 F. App'x at 513. Nor does he address the relevant factors except to state that he was transferred to a different prison, which is not an extraordinary circumstance. His stated desire to file more motions also does not constitute excusable neglect, nor does he cite any law in support of such a position. (ECF No. 122, PageID.1915; ECF No. 123, PageID.1917.) No extension is justified under Federal Rule of Appellate Procedure 4(a)(5)(A).[4]

Accordingly, Plaintiff's motions for extension of time to file a notice of appeal are denied. (ECF Nos. 122, 123.)

## C. Defendant's Motion for Sanctions

Defendant asks that the Court sanction Plaintiff. (ECF No. 118 ("Sanctions Motion").) Plaintiff responded in opposition. (ECF No. 136.)

---

[4] As Defendant correctly points out, Federal Rule of Appellate Procedure 4(a)(4)(A) does not support an extension either. (ECF No. 131, PageID.1954 n.1.) Plaintiff's motions filed under Rule 60(b), (ECF Nos. 116, 117), were not filed within 28 days of the issuance of judgment against Plaintiff, so they do not support any extension of the deadline to file a notice of appeal. *See* Fed. R. App. P. 4(a)(4)(A)(vi); Fed. R. Civ. P. 59(B).

Defendant replied. (ECF No. 142.) Amici Kym Worthy, Patricia Penman, and Suzette Samuels ("Amici") also filed a brief in support of the Sanctions Motion. (ECF No. 167.)

### i. Background and Legal Standard

The Court has issued three separate warnings to Plaintiff about his sanctionable conduct. *Cardello-Smith*, 2025 WL 269167, at *6–8; (ECF Nos. 107, 141.). The last of those warnings was issued on April 28, 2025. (ECF No. 141.) Plaintiff has not heeded these warnings.

Plaintiff has docketed duplicative, frivolous, fraudulent, and harassing filings for long enough. "District courts are obligated to protect themselves from vexatious litigants[.]" *Flint v. Whalin*, 3:11-CV-316-H, 2011 WL 2471550, at *2 (W.D. Ky. Jun. 21, 2011) (citing *In re McDonald*, 489 U.S. 180, 184 n.8 (1989)); see also *Viola v. Yost*, 2:21-CV-3088, 2022 WL 656569, at *2–3 (S.D. Ohio Mar. 4, 2022). "The filing of frivolous lawsuits and motions strains an already burdened federal judiciary." *Viola v. Cuyahoga Cnty. Land Bank*, No. 1:21 CV 1196, 2021 WL 5015486, at *9 (N.D. Ohio Oct. 28, 2021), *aff'd sub nom. Viola v. Cuyahoga Cnty. Land Reutilization Corp.*, No. 21-4139, 2023 WL 3725063 (6th Cir. Feb. 15, 2023). "Our ability to perform our duties is

compromised when we are forced to devote limited resources to the processing of repetitious and frivolous filings." *Id.* (citing *In re Sindram,* 498 U.S. 177, 179–80 (1991)).

> The Sixth Circuit has held that

> [t]here is nothing unusual about imposing prefiling restrictions in matters with a history of repetitive or vexatious litigation. *See, e.g., Filipas v. Lemons,* 835 F.2d 1145, 1146 (6th Cir. 1987). Moreover, we see nothing wrong . . . with an order that restrains not only an individual litigant from repeatedly filing an identical complaint, but that places limits on a reasonably defined category of litigation because of a recognized pattern of repetitive, frivolous, or vexatious cases within that category.

*Feathers v. Chevron U.S.A., Inc.,* 141 F.3d 264, 269 (6th Cir. 1998). An individual cannot "be absolutely foreclosed from initiating an action in a court of the United States, though it is permissible to require one who has abused the legal process to make a showing that a tendered lawsuit is not frivolous or vexatious before permitting it to be filed." *Tropf v. Fidelity Nat'l Title Ins. Co.,* 289 F.3d 929, 940 (6th Cir. 2002) (quoting *Ortman v. Thomas,* 99 F.3d 807, 811 (6th Cir. 1996)). The Sixth Circuit has instructed courts to exercise "restraint and discretion" with respect to sanctions. *Murray v. City of Columbus,* 534 F. App'x 479, 485 (6th Cir.

2013) (citing *Chambers v. NASCO, Inc.,* 501 U.S. 32, 44 (1991); *Stalley v. Methodist Healthcare,* 517 F.3d 911, 920 (6th Cir. 2008)). Courts in this district consider the following factors when deciding whether to impose pre-filing requirements on litigants:

1. The litigant's history of litigation and in particular whether it entails vexatious, harassing, or duplicative lawsuits;

2. The litigant's motive in pursuing the litigation, e.g. does the litigant have an objective good faith expectation of prevailing?

3. Whether the litigant is represented by counsel;

4. Whether the litigant caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and

5. Whether other sanctions would be adequate to protect the courts and the other parties. Ultimately, the question the court must answer is whether a litigant who has a history of vexatious litigation is likely to continue to abuse the judicial process and harass other parties.

*Tropf*, 289 F.3d at 940 n.18 (quoting *Ortman v. Thomas*, 906 F. Supp. 416, 421–22 (E.D. Mich. 1995)). The Court has already held that, although Plaintiff is pro se, these factors favor imposing pre-filing requirements on him. *Cardello-Smith*, 2025 WL 269167, at *6–8

20

(explaining that Plaintiff has a history of frivolous and duplicative litigation, including courts raising concerns about fabricated evidence; that his litigation history provides evidence of improper motive; and that there is a record of duplicative and apparently fabricated filings in this case). It refrained from sanctioning him initially because it had "not yet warned Plaintiff of the risk that he will be deemed a vexatious litigator and enjoined, which is a common practice before imposing restrictions on litigants." *Id.* at \*8. Although Plaintiff has now had three warnings, as set forth below, he has not changed his conduct.

The Sixth Circuit has held that:

[a] district court has "inherent authority" to impose sanctions based on a litigant's bad faith and conduct that "abuses the judicial process." *First Bank of Marietta*, 307 F.3d at 516–19 (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44–45 (1991)). A district court also has the authority to issue an injunctive order to prevent prolific litigants from filing harassing and vexatious pleadings. *See Feathers*, 141 F.3d at 269; *Filipas v. Lemons*, 835 F.2d 1145, 1146 (6th Cir. 1987). In *Clemons*, we acknowledged authority from the Ninth Circuit holding that "a district court imposing a vexatious litigant order must: (1) provide notice to the plaintiff; (2) 'create an adequate record for review . . . includ[ing] a listing of all the cases and motions that led the district court to conclude that a vexatious litigant order was needed'; (3) make 'substantive findings as to the frivolous or harassing nature of the litigant's actions'; and (4) narrowly tailor the order 'to

21

closely fit the specific vice encountered.'" *Clemons*, 2019 WL
7567197, at *3 (quoting *De Long v. Hennessey*, 912 F.2d 1144,
1147–48 (9th Cir. 1990)).

*Sultaana v. Corrigan*, No. 20-3896, 2021 WL 7160160, at *5 (6th Cir. Sep.

9, 2021).

### ii.    Analysis

As set forth above, the Court has warned Plaintiff repeatedly about

his conduct. *Cardello-Smith*, 2025 WL 269167, at *8; (ECF Nos. 107,

141.). The Court also made clear that its last warning would be the final

one before the Court took further action. (ECF No. 141.)

There is an extensive record that supports deeming Plaintiff a

vexatious litigant. The Court has already detailed some of that record.

*See, e.g.*, *Cardello-Smith*, 2025 WL 269167, at *6–7 (discussing

duplicative, fabricated, harassing, and unnecessary filings in this case

such as ECF Nos. 41, 45, 48, 49, 50, 55, 56, 60, 79). Since the Court's most

recent warning on April 28, 205, Plaintiff has continued to file

duplicative, fabricated, harassing, and unnecessary documents on the

docket.

Many filings are duplicative or meritless. Plaintiff has filed

multiple requests for an evidentiary hearing following the dismissal of

22

his case. (ECF Nos. 129, 140, 150.) Since the Court's most recent warning to Plaintiff, he has filed three motions seeking to reopen or vacate the dismissal of the case. (ECF Nos. 146, 152, 156.) In total, he has filed five such motions following the dismissal of his case. (ECF Nos. 116, 117, 146, 152, 156.) One filing accuses Defendant of forgery and provides the Court with a purported receipt for the Court to consider, asking the Court to reopen the case. (ECF No. 146.) The attached document includes a notary stamp with the name Marcus Ashford, which misspells the word January as "Janurt" in the notary's stamp. (ECF No. 146, PageID.2016.) Plaintiff also filed a separate motion for sanctions against Defendant, which attached the same document. (ECF No. 148, PageID.2029–2031.)

Plaintiff has also filed what he presents as evidence, which is unconnected to any motion:

- A "joint affidavit" of Plaintiff and a state-court employee that alleges that Defendant and others conspired to wrongfully convict Plaintiff. (ECF No. 147.)

- A collection of documents involving various criminal matters. (ECF No. 155.)

23

- Two "offers of proof" that the Detroit Police Department authorized a warrant to arrest Defendant for crimes against Plaintiff. (ECF Nos. 157, 162.)

- An "offer of proof" of a purportedly unsealed transcript of a court hearing in which state officials admit to framing Plaintiff and a letter from the Wayne County Prosecutor's Conviction Integrity Unit. (ECF No. 163.)

Given the Court's warnings, Plaintiff had ample notice that such unnecessary filings would lead to prefiling restrictions. *See Cardello-Smith*, 2025 WL 269167, at *7 (explaining that Plaintiff was making "unnecessary" filings, many of which were "in no particular order (at least none that the Court can discern) and often without any connection to a motion").

The Court has also received multiple affidavits from individuals who assert Plaintiff has fabricated affidavits using their names. (ECF Nos. 120-1, 120-2, 167-1, 167-2.)

For example, attached to one of Plaintiff's five motions challenging the dismissal of his case is a purported affidavit from a police officer, which included multiple statements admitting to framing Plaintiff. (ECF

24

No. 117, PageID.1873.) Defendant provided a different affidavit from the same officer explaining that the "affidavit" docketed by Plaintiff was a fabrication, which used an outdated name for the affiant. (ECF No. 120-2.) In response to being accused of this fabrication, Plaintiff submitted two notices. (ECF Nos. 126, 128.) Plaintiff began to use the correct name for the officer, claimed he had spoken to her from prison via video conference, and asserted that she told him that Defendant's lawyers had forced her to forge the affidavit disavowing the original affidavit Plaintiff had filed. (*Id.*) On their face, Plaintiff's notices are not credible.[5]

He also has submitted affidavits that are supposedly notarized by Sean Fleming. The stamps on those affidavits state that his commission ends on June 8, 2029. (*See, e.g.*, ECF No. 117, PageID.1878–1879.) Fleming states in a separate affidavit, provided by Amici, that he did not notarize or sign those documents. (ECF No. 167-1, PageID.2215.) He also states that the end of his commission is October 27, 2029. (*Id.* at PageID.2216.) Unlike in Plaintiff's fabricated affidavits, the October date

---

[5] The Court notes that although Plaintiff's notices were dated as if they were written before Defendant's filing of the officer's affidavit, the envelopes Plaintiff used to mail his submission were postmarked after Defendant's filing. (ECF Nos. 126, 128.)

in Fleming's affidavit matches the information listed in the notary database of the Michigan Secretary of State.

One of the most disturbing elements of these fabrications and forgeries is that Plaintiff has docketed false affidavits from the victims of his crimes. (*See, e.g.*, ECF No. 117, PageID.1879.) An affidavit from one of his victims explains that the affidavit Plaintiff filed in her name is a fabrication that uses her old name rather than the one she has had since 2014. (ECF No. 167-2, PageID.2218–2219.)

Plaintiff's conduct extends beyond this lawsuit. He has filed many lawsuits against Defendant in the Eastern District of Michigan. One was dismissed under the three-strike rule, (Case No. 24-cv-12737, ECF No. 9), and another was dismissed as duplicative of the one dismissed under the three-strike rule. (Case No. 24-cv-13245, ECF No. 5.) He filed these cases despite having had many cases dismissed and being "made aware that he is a three-striker . . . on multiple occasions." (Case No. 24-cv-12737, ECF No. 9, PageID.49.) A more recent case, filed in the Eastern District of Michigan on June 10, 2025, was also dismissed under the three-strike rule. (Case No. 25-cv-11737, ECF No. 13.) A review of these dockets indicates that Plaintiff has engaged in similarly vexatious

26

conduct in these other cases. (*See, e.g.*, Case No. 24-cv-12737, ECF No. 16, PageID.81 (document using an apparently fraudulent notary stamp from Sean Fleming with an incorrect commission expiration date, filed after the case was dismissed).)

In a habeas case, filed as recently as June 17, 2025, Plaintiff has asserted the same allegations against Defendant that are at issue in the present litigation. (Case No. 25-cv-11802, ECF No. 1.) That petition includes some of the same materials filed on the docket in this litigation. (*Id.*) It is not the first habeas petition Plaintiff has filed in the Eastern District of Michigan raising these claims. (Case No. 25-cv-11486, ECF No. 1 (filed May 20, 2025); Case No. 25-cv-11317, ECF No. 1 (filed May 6, 2025); Case No. 25-cv-10754, ECF No. 1 (filed March 18, 2025).)

It is not necessary to conduct a forensic examination of every document filed by Plaintiff—in this or other cases—to recognize Plaintiff's pattern of frivolous, fabricated, and harassing filings. The examples cited above and enumerated in other Orders from the Court are more than sufficient to conclude that Plaintiff is a vexatious litigant. Plaintiff has filed fabricated documents, frivolous and duplicative submissions, and filings that are intended to harass opposing parties,

27

public officials, and even the victims of his past crimes. He has ignored the Court's warnings in this case, just as he has ignored his three-striker status when filing other cases in the Eastern District of Michigan.

Plaintiff's assertions to the contrary are unconvincing. His insistence that he has followed the Court's orders is not borne out by the evidence set forth above by the Court. (ECF No. 136, PageID.1977.) Plaintiff also states that he files multiple copies of filings to ensure that the Court receives them, as he has previously had problems with staff in prison mailrooms. (*Id.*) That concern does not justify the sheer amount of repetition in Plaintiff's filings, such as the five requests to vacate dismissal of the case, which are set forth above.

Plaintiff also cites nothing in support of his claim that a hearing is required to determine whether he has presented forged documents to the Court. (*Id.*) Indeed, the caselaw indicates the opposite: "there is no requirement that a full evidentiary hearing be held before imposing sanctions." *See Metz v. Unizan Bank*, 655 F.3d 485, 491 (6th Cir. 2011) (quoting *Wilson–Simmons v. Lake Cnty. Sheriff's Dep't,* 207 F.3d 818, 822 (6th Cir. 2000)) (explaining that a sanctions motion and the opportunity to respond to it is all that due process requires). Whether such an

evidentiary hearing is warranted is in the Court's discretion. *See Wilson–Simmons*, 207 F.3d at 823. The record here is sufficient to rule upon the relevant motion. Indeed, the concerns raised by Defendant and Amici are well-supported in the record. Plaintiff does not demonstrate otherwise.

Plaintiffs and Amici seek a variety of sanctions. (ECF No. 118, PageID.1895; ECF No. 167, PageID.2211.) The Court is required to "narrowly tailor" its order to fit the conduct of the litigant. *Sultaana*, 2021 WL 7160160, at *5.

### iii.     Imposing Pre-Filing Restrictions

When a litigant makes duplicative, frivolous, or harassing filings after being warned that he risks sanctions, it is appropriate for a district court to find a litigant to be vexatious and impose pre-filing restrictions. *Viola*, 2023 WL 3725063, at *4. The Court therefore proceeds in accordance with the Sixth Circuit's guidance, imposing pre-filing restrictions that have been affirmed in similar circumstances. *Viola v. Cuyahoga Cnty. Land Bank*, No. 1:21 CV 1196, 2021 WL 5015486, at *9–10 (N.D. Ohio Oct. 28, 2021), *aff'd sub nom. Viola v. Cuyahoga Cnty. Land Reutilization Corp.*, No. 21-4139, 2023 WL 3725063 (6th Cir. Feb. 15, 2023).

Accordingly, the Court ORDERS as follows:

First, Plaintiff Derrick Lee Cardello-Smith is ENJOINED from filing any new lawsuits or other documents in the Eastern District of Michigan without first seeking and obtaining leave of court. Specifically, he must receive written permission from the Chief Judge or the Miscellaneous Duty Judge by following the requirements below:

1. If Cardello-Smith wishes to file any document in the U.S. District Court for the Eastern District of Michigan, including a complaint, he must file a "Motion Pursuant to Court Order Seeking Leave to File."

2. With the above Motion Pursuant to Court Order Seeking Leave to File, Cardello-Smith must attach the following as exhibits:

   a. A copy of the document he proposes to file;

   b. A copy of this Order;

   c. A written declaration which he has prepared pursuant to 28 U.S.C. § 1746 or a sworn affidavit, certifying that (1) the document raises a new issue which has never been previously raised by him in this or any other court, (2) the claim or issue

is not frivolous, and (3) the proposed filing is not being filed in bad faith;

d. A document containing a list showing (1) the complete caption of every suit that has been previously filed by him or on his behalf in any court against each defendant in any new suit he wishes to file and (2) the complete caption of every suit which he has currently pending;

e. A complete set of copies of each Complaint identified and listed in the document required by subparagraph (d) above, along with a record of its disposition.

The Court may deny any Motion for leave to file if it does not comply with the above requirements or if the proposed filing is duplicative, frivolous, vexatious, or harassing. If the Motion is denied, the proposed filing shall not be accepted for filing. Cardello-Smith's failure in any way to comply fully with the terms of this Order shall be sufficient grounds to deny any Motion for leave to file.

Further, to prevent future harassment and waste of the Court's limited resources, the Clerk's office is ORDERED as follows:

31

1. Any document submitted by Cardello-Smith shall not be accepted for filing unless it is a "Motion Pursuant to Court Order Seeking Leave to File" and unless it contains the exhibits described above.

2. The Clerk's Office shall not accept any filing fees, cover sheets, in forma pauperis applications, or any other documents, in connection with any "Motion Pursuant to Court Order Seeking Leave to File," which Cardello-Smith files, unless and until leave has been granted.

### iv. Striking Duplicative, Irrelevant, Abusive, or Unnecessary Filings

Additionally, the Court has "inherent authority" to manage its docket and affairs "with a view toward the efficient and expedient resolution of cases." *Dietz v. Bouldin*, 579 U.S. 40, 47 (2016) (collecting cases). "The court may strike improvident filings based on its inherent authority to manage its own docket." *Sultaana v. Jerman*, No. 15-cv-382, 2019 WL 6343475, at *5 (N.D. Ohio Nov. 27, 2019) (citing *Am. Civil Liberties Union of Ky. v. McCreary Cnty.*, 607 F.3d 439, 451 (6th Cir. 2010)). Courts routinely strike duplicative filings. *See, e.g., Artis v. Gaines*, No. 22-10537, 2022 WL 22836043, at *1 (E.D. Mich. June 2, 2022). Courts also strike irrelevant, abusive, or otherwise improper

32

materials from the docket. *See Landberg v. Newburgh Heights Police Dep't*, No. 17-CV-298, 2018 WL 2899660, at *1 n.1 (N.D. Ohio June 11, 2018); *Sinomax USA, Inc. v. Am. Signature, Inc.*, No. 21-cv-3925, 2023 WL 2752488, at *2 (S.D. Ohio Apr. 3, 2023).

The following post-judgment filings, docketed after Plaintiff received two warnings from the Court, are therefore STRICKEN as duplicative, irrelevant, abusive, or otherwise unnecessary. (ECF Nos. 108, 109, 110, 111, 112, 113, 126, 127, 128, 129, 130, 135, 137, 138, 139, 140, 146, 147, 150, 152, 155, 156, 157, 162, 163, 168.) The Court will rule on any remaining pending motions once the Sixth Circuit concludes its proceedings in Case No. 25-1245.

The Court therefore grants Defendant's Sanctions Motion.[6] (ECF No. 118.)

---

[6] Plaintiff asks the Court to "order that Defendant shall have no obligation to respond to any filing made by Plaintiff against Defendant without Plaintiff first obtaining leave of court for such filing and that Defendant's rights and obligations shall not be affected by any filing made by Plaintiff without Plaintiff first obtaining leave of court for such filing." (ECF No. 118, PageID.1895.) The Court finds that such an order is unnecessary given the ruling set forth above. Further, the Court declines to impose the broader injunction sought by Amici that would cover "any Court in the State of Michigan," given that, as Amici acknowledge, "there is no Sixth Circuit precedent for" such an order. (ECF No. 167, PageID.2209.)

### D.    Plaintiff's Motion for Sanctions

Plaintiff has filed his own motion for sanctions against Defendant. (ECF No. 148.) Plaintiff alleges that Defendant altered Plaintiff's documents and replaced them with forgeries. (ECF No. 148, PageID.2025.) Plaintiff provides documents that purportedly relate to the conspiracy he alleges in many of his filings. Having reviewed and considered Plaintiff's motion for sanctions, the Court does not find any meritorious argument rooted in law or fact that would warrant such relief. Accordingly, Plaintiff's motion for sanctions against Defendant is denied.

## III.   Conclusion

For the reasons set forth above, the Court DENIES Plaintiff's Motion to Disqualify Judge, (ECF No. 149); DENIES Plaintiff's Motions for Extension of Time to File a Notice of Appeal, (ECF Nos. 122, 123); GRANTS Defendant's Renewed Motion for Sanctions and to Strike, (ECF No. 118); and DENIES Plaintiff's Motion for Sanctions. (ECF No. 148.)

Plaintiff Derrick Lee Cardello-Smith is ENJOINED and his duplicative, irrelevant, abusive, or otherwise unnecessary filings are STRICKEN as set forth above.

Derrick Lee Cardello-Smith
#267009
Ionia Correctional Facility
1576 W. Bluewater Highway
Ionia, MI 48846

September 2, 2025

Clerk of the Court
United States District Court
Theodore Levin US Courthouse
231 W. Lafayette Blvd
Case Processing Section-Room 564
Detroit, MI 48226

Re: Derrick Lee Cardello-Smith vs. USA Today et al
Case No 2:25-cv-11737

Dear Clerk:

Enclosed and in accordance with the Courts Enjoinment order, I am providing the proper documents to be presented to the court prior to filing, they are as follows:

1. MOTION PURSUANT TO COURT ORDER SEEKING LEAVE TO FILE A REQUEST FOR THE CLERK TO GRANT ENTRY OF DEFAULT, AFFIDAVIT BASED ON DEFENDANT GINA BARTON FAILING TO FILE A RESPONSE OR MOTION WITHIN 21 DAYS OF THE SUMMONS AND COMPLAINT BEING SERVED.
2. CERTIFIED MAIL-RESTRICTED DELIVERY CARD SIGNED BY GINA BARTON DATED AUGUST 11, 2025.
3. DEFAULT JUDGMENT AFFIDAVIT AND ENTRY FOR CLERK
4. AFFIDAVIT OF TRUTH BY PLAINTIFF-NOTARIZED.
5. SWORN AFFIDAVIT CONFIRMING THAT THE DOCUMENTS HAVE NOT BEEN FILED BY THIS PLAINTIFF AND THAT IT IS BEING DONE FOR PROPER CORRECT REASONS AND NOT TO HARASS.
6. HANDWRITTEN COPIES OF DEFAULT REQUESTS UNDER RULE 55 FOR CLERKS ENTRY AND RETURN TO PLAINTIFF.
7. JUDGE STEPHEN MURPHY AND JUDGE JUDITH LEVY'S ORDERS OF ENJOINMENT.
Please place these pleadings on the courts docket for immediate review and entry by the court.

I have complied fully with the courts enjoinment order and ask that this matter is placed immediately on the docket for immediate review.

Thank you for your time.

