UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DERRICK LEE CARDELLO-SMITH,

               Plaintiff,

vs.

USA TODAY, ET AL.,

               Defendants.

                                   /

Case No. 25-cv-11737-SJM-APP

Hon. Stephen J. Murphy, III

## **DEFENDANTS' MOTION TO DISMISS  OR, IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT**

For the reasons set forth in the attached brief, Defendants USA Today Co., Inc. f/k/a Gannett Co., Inc.[1], Caren Bohan, Kristin Roberts[2], and Gina Barton ("Defendants"), individually and collectively, by and through their attorneys Honigman LLP, hereby move this Court pursuant to Fed. R. Civ. P. 12(b)(5) and 12(b)(6) for an order dismissing Plaintiff's Complaint (ECF No. 1) in its entirety and

---

[1] Plaintiff purports to name the following entities as Defendants: Gannett Co., Inc, Gannett Company, Inc., USA Today, USA Today, Co. Inc., and USA Today Newspaper. At the time of filing the Complaint, Gannett Co., Inc. was the only real entity named as a Defendant. At that time, there was no such entity as Gannett Company, Inc. separate and distinct from Gannett, Co. Inc. "USA Today" is the trademarked name for a newspaper and online publication, and, at the time of filing, USA Today, USA Today Co. Inc., and USA Today Newspaper were nonjuridical entities incapable of being sued.

On November 17, 2025, Gannett Co., Inc. rebranded and is now known as USA Today Co., Inc. (*See* Ex. 4 ¶ 4.) Accordingly, the only properly named entity Defendant is USA Today Co., Inc. f/k/a Gannett Co., Inc.

[2] Defendant Kristin Roberts is misidentified as "Kriston Robert(s)" in the Complaint.

1

with prejudice. In the alternative, Defendants move pursuant to Fed. R. Civ. P. 12(e) for a more definite statement.

Pursuant to Local Rule 7.1(a)(2)(D), concurrence in this motion has not been sought from Plaintiff because he is an incarcerated prisoner proceeding pro se.

Dated: December 5, 2025                    Respectfully submitted,

                                          HONIGMAN LLP


                              By:    /s/ Jalen R. Farmer
                                     Andrew M. Pauwels (P79167)
                                     Jalen R. Farmer (P86859)
                                     2290 First National Building
                                     660 Woodward Avenue
                                     Detroit, MI 48226-3506
                                     (313) 465-7290
                                     apauwels@honigman.com
                                     jfarmer@honigman.com

                                     *Attorneys for Defendants*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DERRICK LEE CARDELLO-SMITH,

                Plaintiff,                             Case No. 25-cv-11737-SJM-APP

vs.                                          Hon. Stephen J. Murphy, III

USA TODAY, ET AL.,

                Defendants.

_____/

**<u>BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS OR, IN
THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT</u>**

# TABLE OF CONTENTS

INDEX OF AUTHORITIES...................................................................... ii

STATEMENT OF ISSUES PRESENTED.................................................. vi

CONTROLLING OR MOST APPROPRIATE AUTHORITY ............................. vii

I.   INTRODUCTION ..........................................................................1

II.  BRIEF FACTUAL BACKGROUND .................................................2

  A. Plaintiff's Incredible Allegations of Rape and Conspiracy to Cover-up Rape ....................................................................................2

  B. Defendants' Reporting on Plaintiff's Litigation against Combs ....................4

  C. Procedural Background ..........................................................5

III. ARGUMENT ...............................................................................7

  A. Plaintiff's Claims Should be Dismissed under Rule 12(b)(5).......................7

    1. Legal Standard – Fed. R. Civ. P. 12(b)(5)..................................7

    2. Defendants Were Not Served ....................................................9

    3. Plaintiff Has a History of Falsifying Service and Other Documents .......11

    4. Indicia of Fraud in this Case....................................................12

  B. Plaintiff Fails to State a Claim, Warranting Dismissal under Rule 12(b)(6) .....................................................................................15

    1. Legal Standard – Fed. R. Civ. P. 12(b)(6)..................................15

    2. The Elements of Defamation....................................................16

    3. Plaintiff Fails to Plead a Materially False Statement .......................17

    4. Plaintiff Failed to Allege Actual Malice .................................20

  C. In the Alternative, the Court Should Dismiss the Complaint as Improperly Plead or, at a Minimum, Order a More Definite Statement. ......23

IV.  CONCLUSION...........................................................................25

i

# INDEX OF AUTHORITIES

**Cases**

*Amini v. Oberlin Coll.*,
   259 F.3d 493 (6th Cir. 2001) .................................................................................11

*Bassett v. NCAA*, 528 F.3d 426 (6th Cir. 2008) ..........................................................11

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 555 (2007) ...............................................................................................15

*Bond Pharmacy Inc. v. Health L. Partners, P.C.*,
   No. 23-cv-13069, 2024 WL 4272735 (E.D. Mich. Sept. 23, 2024).........................22

*Boulware v. Overmyer*,
   2017 WL 6039745 (W.D. Pa. Dec. 6, 2017) ...........................................................15

*Cardello-Smith v. Combs*,
   No.  24-cv-12647, 2025 WL  1951722 (E.D. Mich. June 30, 2025) ........................1

*Cates v. Crystal Clear Techs., LLC*,
   874 F.3d 530 (6th Cir. 2017) ...................................................................................7

*Chase Bank USA, N.A. v. City of Cleveland*,
   695 F.3d 548 (6th Cir. 2012) .................................................................................11

*Collins v. Detroit Free Press, Inc.*,
   627 N.W.2d 5 (Mich. Ct. App. 2001).....................................................................19

*Daniels v. Brown*,
   2024 WL 3756532 (S.D. Ill. Aug. 12, 2024)...........................................................15

*Derrick Lee Cardello-Smith v. Michigan State Police et al.*,
   No. 25-cv-00823 .....................................................................................................12

*Edwards v. Detroit News, Inc.*,
   910 N.W.2d 394 (Mich. Ct. App. 2017)..................................................................16

*Fisher v. Detroit Free Press, Inc.*,
   404 N.W.2d 765 (Mich. Ct. App. 1987)..................................................................18

*Friedman v. Est. of Presser*,
   929 F.2d 1151 (6th Cir. 1991) ..................................................................................9

*Gertz v. Robert Welch, Inc.*,
  418 U.S. 323 (1974) ................................................................................20

*Ghanam v Does*,
  845 N.W.2d 128 (Mich. Ct. App. 2014).................................................17

*Goldman v. Wayne State Univ. Bd. of Governors*,
  390 N.W.2d 672 (Mich. Ct. App. 1986).................................................21

*Greenberg v. Life Ins. Co. of Va.*,
  177 F.3d 507 (6th Cir. 1999) ...................................................................4

*Grinter v. Knight*,
  532 F.3d 567 (6th Cir. 2008) .................................................................16

*Harder v. Sunrise Senior Living, Inc.*,
  2009 WL 5171843 (E.D. Mich. Dec. 22, 2009) .....................................15

*Harte-Hanks Commc'ns, Inc. v. Connaughton*,
  491 U.S. 657 (1989) ...............................................................................22

*Hayes v. Booth Newspapers, Inc*,
  295 N.W.2d 858 (Mich. Ct. App. 1980).................................................20

*Kensu v. Corizon, Inc.*,
  5 F.4th 646 (6th Cir. 2021) ....................................................................23

*Kuehl v. F.D.I.C.*,
  8 F.3d 905 (1st Cir. 1993).......................................................................24

*LL NJ, Inc. v. NBC–Subsidiary (WCAU–TV)*,
  No. 06-14312, 2008 WL 1923261 (E.D. Mich. 2008) ...........................21

*Lynch & Co. Funeral Directors, PLLC v. Funeral Ethics Org.*, *Inc.*,
  No. 08-cv-13949-DT, 2009 WL 2390537 (E.D. Mich. July 31, 2009) ...............20

*Martin v. Overton*,
  391 F.3d 710 (6th Cir. 2004) .................................................................16

*Masson v. New Yorker Mag., Inc.*,
  501 U.S. 496 (1991) ...............................................................................18

*McKee v. Gen. Motors LLC*,
  376 F. Supp. 3d 751 (E.D. Mich. 2019) .................................................16

*Metro. Alloys Corp. v. State Metals Indus., Inc.*,
  416 F. Supp. 2d 561 (E.D. Mich. 2006) ...................................................7

*New York Times v. Sullivan*
  376 U.S. 254, 279-280 (1964) .................................................................20

*O.J. Distrib., Inc. v. Hornell Brewing Co.*,
  340 F.3d 345 (6th Cir. 2003) ...................................................................7

*Preston v. Bonn,*
  No. 1:25-CV-895, 2025 WL 2618598 (W.D. Mich. Sept. 11, 2025) .....................13

*Preston v. Wayne Cnty. Prosecutor's Off.*,
  No. 25-cv-12447, 2025 WL 2487774 (E.D. Mich. Aug. 28, 2025) .......................13

*Prysak v. R.L. Polk, Co.*,
  483 N.W.2d 629 (Mich. Ct. App. 1992)...................................................21

*Regualos v. Cmty Hosp*,
  364 N.W.2d 723 (Mich. Ct. App. 1984)...................................................22

*Rouch v. Enquirer & News of Battle Creek Mich.*,
  487 N.W.2d 205 (Mich. 1992) .................................................................18

*Royal Palace Homes v. Channel 7 of Detroit*,
  495 N.W.2d 392 (Mich. Ct. App. 1992)...................................................17

*Sarkar v. Doe*,
  897 N.W.2d 207 (Mich. Ct. App. 2016)...................................................17

*Smith v. Burk*,
  19-cv-1018, 2022 WL 4395911 (W.D. Mich. Sep. 22, 2022) ................................12

*St Amant v. Thompson*,
  390 U.S. 727 (1968) ...............................................................................21

*Swierkiewicz v. Sorema NA*,
  534 U.S. 506 (2002) ...............................................................................24

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,
  551 U.S. 308 (2007) .................................................................................4

*Thomas v. Navient Sols., Inc.*,
  No. 2:17-cv-12232, 2018 WL 3141946 (E.D. Mich. June 27, 2018) ......................9

iv

*Winnett v. Caterpillar, Inc.*,
    553 F.3d 1000 (6th Cir. 2009) .................................................................................16

*Yorty v. Equifax, Inc.*,
    No. 1:19-cv-476, 2020 WL 9762463 (W.D. Mich. Feb. 5, 2020) ............................8

*Young Bok Song v. Gipson*,
    423 F. App'x 506 (6th Cir. 2011) .............................................................................16

**Rules**

Fed. R. Civ. P. 10(b) .................................................................................................23

Fed. R. Civ. P. 12(b)(5) .........................................................................................7, 23

Fed. R. Civ. P. 12(b)(6) ...................................................................................11, 15, 23

Fed. R. Civ. P. 12(e) .................................................................................................24

Fed. R. Civ. P. 4 .........................................................................................................7

Fed. R. Civ. P. 4(c)(2)(C)(ii) .......................................................................................9

Fed. R. Civ. P. 4(e) .....................................................................................................8

Fed. R. Civ. P. 4(h)(1) .................................................................................................7

Fed. R. Civ. P. 4(m) ....................................................................................................9

Fed. R. Civ. P. 8 .........................................................................................................2

Fed. R. Civ. P. 8(d) ...................................................................................................23

Fed. R. Civ. P. 8(a)(2) ...............................................................................................23

MCR 2.105(A). ...........................................................................................................8

MCR 2.105(D) ............................................................................................................8

## STATEMENT OF ISSUES PRESENTED

1. Should the Court dismiss the Complaint based on Plaintiff's failure to serve any Defendant and where, in fact, Plaintiff apparently submitted false documents to the Court to support purported service of process, as he has been found to do by other courts?

   **Defendants' answer: Yes**

2. Should the Court dismiss the Complaint based on Plaintiff's failure to plead a specific statement published by Defendants that purportedly defamed him?

   **Defendants' answer: Yes**

3. Should the Court dismiss Plaintiff's defamation claim because, even if he did plead a specific defamatory statement, that statement is, at a minimum, substantially true and thus not actionable?

   **Defendants' answer: Yes**

4. Should the Court dismiss Plaintiff's defamation claim because, even if he did plead a specific defamatory statement, he, as a limited purpose public figure, failed to plead that Defendants published the statement with knowledge of falsity or reckless disregard of the statement's truth?

   **Defendants' answer: Yes**

5. In the alternative, should the Court dismiss Plaintiff's Complaint and order him to file a more definite statement because the Complaint does not satisfy the pleading requirements under Fed. R. Civ. P. 8 as it is not clear, concise, and direct as required by the Federal Rules?

   **Defendants' answer: Yes**

## CONTROLLING OR MOST APPROPRIATE AUTHORITY

### As to Failure to Serve:

- Fed. R. Civ. P. 12(b)(5)
- Fed. R. Civ. P. 4
- Mich. Ct. R. 2.105(D)
- *Metro. Alloys Corp. v. State Metals Indus., Inc.*, 416 F. Supp. 2d 561 (E.D. Mich. 2006)

### As to Failure to State a Claim:

- Fed. R. Civ. P. 12(b)(6)
- *Gertz v. Robert Welch, Inc.*, 418 U.S. 323 (1974)
- *Rouch v. Enquirer & News of Battle Creek Mich.*, 487 N.W.2d 205 (Mich. 1992)
- *Royal Palace Homes v. Channel 7 of Detroit*, 495 N.W.2d 392 (Mich. Ct. App. 1992)

### As to Motion for More Definite Statement:

- Fed. R. Civ. P. 12(e)
- *Kensu v. Corizon, Inc.,* 5 F.4th 646 (6th Cir. 2021)

# I.   INTRODUCTION

Plaintiff Derrick Lee Cardello-Smith is a serial litigant. In 2025 alone, he filed at least 20 lawsuits, most of which were found to be frivolous. In fact, courts have repeatedly found that his lawsuits are based on fabricated documents and implausible and inconsistent conspiracy theories. Plaintiff's fabrications, and his duplicative and meritless filings, unnecessarily strain the courts' resources. To curtail Plaintiff's abusive tactics, the Hon. Judith Levy sanctioned and enjoined Plaintiff from filing any other cases or documents in this District unless leave is granted by the Chief Judge. *Cardello-Smith v. Combs*, No. 24-cv-12647, 2025 WL 1951722, at *7–12 (E.D. Mich. June 30, 2025). As Judge Levy noted, "Plaintiff has docketed duplicative, frivolous, fraudulent, and harassing filings ***for long enough***." *Id*. at *7 (emphasis added).

Now, Plaintiff sets his sights on USA Today and several of its journalists, suing for defamation based on an article written about Plaintiff and his frivolous suit against Sean Combs. Unfortunately for Defendants, Judge Levy issued her order enjoining Plaintiff shortly after he filed this meritless lawsuit seeking $1 billion in damages. Given the obvious defects in the Complaint, the Court may have denied Plaintiff leave to file this lawsuit. Regardless, the Complaint should be dismissed with prejudice.

***First***, Plaintiff never served Defendants. In fact, Plaintiff filed Proofs of Service that were clearly fabricated and then promptly sought astronomical default judgments, just as he did in the *Combs* case. The failure to serve is fatal and warrants dismissal.

1

**Second**, even if the Court sets aside the service issues, the Complaint should be dismissed with prejudice because Plaintiff fails to state a claim for defamation, the only cause of action in the Complaint. Plaintiff fails to plead a false statement—instead, he devotes more than 60 pages to conspiracy theories rejected by other courts as meritless. He also fails to plead actual malice. The claim fails on the face of the Complaint.

**Third**, in the alternative, the Court should order a more definite statement. Plaintiff's claim is unintelligible, containing no numbered paragraphs and repeating the same lengthy sections over and over. This does not satisfy Fed. R. Civ. P. 8, and an order for a more definite statement is appropriate should the Court not dismiss the case.

Plaintiff has apparently decided to use his time in prison to deploy the courts in his various personal vendettas against Combs, Kym Worthy, and countless others. This now includes an ancillary attack on the press for publishing a truthful article about that very vendetta. This latest action should be rejected, and the Complaint dismissed.

## II.    BRIEF FACTUAL BACKGROUND

**A.    Plaintiff's Incredible Allegations of Rape and Conspiracy to Cover-up Rape**

Plaintiff is serving up to 75 years in a state prison after being convicted on 14 counts of criminal sexual conduct and kidnapping.[1] In a recent civil suit, Plaintiff alleged that, in 1997, he met rapper and producer Sean Combs, who allegedly beat and

---

[1]MDOC,    https://mdocweb.state.mi.us/otis2/otis2profile.aspx?mdocNumber=267009 (last visited Dec. 5, 2025).

raped Plaintiff. (ECF No. 1, PageID.10[2]; ECF No. 1-1, PageID.129-131, PageID.136-140.) After the alleged sexual assault, Plaintiff claims that he went to the hospital and that a rape kit examination was performed. (ECF No. 1, PageID.10.) He further alleges that the hospital turned the rape kit over to the Detroit Police, which, in turn, gave it to Wayne County Prosecutor Kym Worthy. (*Id.*) Plaintiff alleges that Combs then bribed Worthy and other Wayne County officials to cover-up his rape of Plaintiff. (*Id.*) According to Plaintiff, Combs and these officials conspired to kill Plaintiff to cover-up the rape. (*Id.*, PageID.11-12.) These conspirators then allegedly framed Plaintiff for the sexual assault charges for which he is currently in prison. (*Id.*)

Plaintiff alleges that Worthy held the rape kit for 27 years before it was purportedly finally tested "and identified the contributor of the semen, blood, biological and other materials as that of Sean 'P. Diddy' Combs." (*Id.*, PageID.10.)

Plaintiff sued Combs in the Circuit Court for Lenawee County, Michigan, alleging sexual assault. *See Cardello-Smith v. Combs*, No. 24-cv-12647, 2025 WL 269167, at *1 (E.D. Mich. Jan. 22, 2025) (describing procedural history). Plaintiff promptly secured a default judgment for $100 million against Combs. *Id.* The default judgment was set aside after a finding that Combs had not been properly served. *Id.* Combs removed the case to this District. Ultimately, Judge Levy dismissed the case

---

[2] The Complaint does not contain numbered paragraphs, so Defendants cite to page numbers when referencing the Complaint.

and entered an order sanctioning Plaintiff for his frivolous, harassing filings:

> It is not necessary to conduct a forensic examination of every document filed by Plaintiff—in this or other cases—to recognize Plaintiff's pattern of frivolous, fabricated, and harassing filings. The examples cited above and enumerated in other Orders from the Court are more than sufficient to conclude that Plaintiff is a vexatious litigant. Plaintiff has filed fabricated documents, frivolous and duplicative submissions, and filings that are intended to harass opposing parties, public officials, and even the victims of his past crimes. He has ignored the Court's warnings in this case, just as he has ignored his three-striker status when filing other cases in the Eastern District of Michigan.

*Combs*, 2025 WL 1951722, at *9-10.

## B. Defendants' Reporting on Plaintiff's Litigation against Combs[3]

In 2023, USA Today[4]—like many other media outlets—began reporting on the civil and criminal actions brought against Combs for alleged sexual assault, sex trafficking, and other allegations. On September 10, 2024, USA Today first reported on Plaintiff's lawsuit against Combs, detailing Plaintiff's allegations and the default judgment entered against Combs by the Michigan Circuit Court. (Ex. 1, 9/10/24

---

[3] In deciding a motion to dismiss, the Court may consider "documents incorporated into the complaint by reference." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). The Court may also consider "a document that is not formally incorporated by reference or attached to a complaint" when "[the] document is referred to in the complaint and is central to the plaintiff's claim." *Greenberg v. Life Ins. Co. of Va.*, 177 F.3d 507, 514 (6th Cir. 1999). Accordingly, Defendants cite to the reporting and other documents discussed in the Complaint.

[4] USA Today is the trademarked name of a newspaper and website publication published by a subsidiary of Defendant USA Today Co., Inc. f/k/a Gannett Co., Inc.

Article.)[5] Then, two days later, USA Today reported on Combs' efforts to set aside the default and dismiss the case. (Ex. 2, 9/12/24 Article.[6])

On May 21, 2025, USA Today published an article entitled "Civil suit against Sean 'Diddy' Combs had fabricated rape kit evidence" (the "Article").[7] (Ex. 3, 5/21/25 Article.) The Article quoted Maria Miller, the Director of Communications for the Wayne County Prosecutor, as stating that "Derek Lee Cardello-Smith did not have a rape kit that was part of the Detroit Sexual Assault Kit Project," and "We do not know of a SAK (sexual assault kit) being tested in 2024 related to him." (*Id.*) The Article also discussed the setting aside of the State Court default judgment because the court determined that, despite Plaintiff's representations, Combs was never served. (*Id.*)

## C. **Procedural Background**

On June 10, 2025, Plaintiff filed this lawsuit, purporting to state a claim against Defendants for what he characterizes as "LIBEL, SLANDER, ASSAULT AND DEFAMATION" arising out of the Article, though he cites only Michigan's defamation statute. (ECF No. 1.) The Court issued its summonses on July 25, 2025. (ECF No. 23.) After Plaintiff filed multiple baseless motions, the Court issued an order

---

[5] https://www.usatoday.com/story/entertainment/celebrities/2024/09/10/diddy-sexual-assault-inmate-judgement/75156384007/.

[6] https://www.usatoday.com/story/entertainment/celebrities/2024/09/12/sean-diddy-combs-derrick-cardello-smith-lawsuit/75198571007/.

[7] https://www.usatoday.com/story/entertainment/celebrities/2025/05/21/civil-rape-penalty-tossed-sean-diddy-combs-allegation/83753824007/.

on August 8, 2025, enjoining Plaintiff from filing any documents without first seeking and obtaining leave from the Court. (ECF No. 27.) In doing so, the Court acknowledged that Plaintiff's "vexatious conduct that Judge Levy identified was related to the underlying issue to which this defamation case relates," and that Plaintiff has already filed multiple "meritless and duplicative motions [here]." (*Id.*, PageID.268.)

On September 8, 2025, Plaintiff filed a Motion for Leave to Request the Clerk's Entry of Default (ECF No. 28) and a Motion for Leave to File Return of Service (ECF No. 29). Both filings included Proofs of Service purportedly showing service of the summons and complaint on Defendants on August 11 and August 15, 2025. (*See* ECF Nos. 28, 29.) The Court denied those motions for failing to comply with the restrictions placed upon Plaintiff as an enjoined filer. Plaintiff then filed seven motions for leave to file proofs of service and requests for entries of default as to all Defendants. (ECF No. 31-37.) Attached to each motion were "Briefs in Support" claiming that all Defendants were served on August 11 and August 15, 2025. (*Id.*)

Despite Plaintiff's representations that he served Defendants on August 11 and 15, 2025, Defendants were ***never*** served. (Exhibits 4-7, Declarations.) Defendants did not receive any notice of this litigation until September 9, 2025, when a copy of the Complaint and a Summons addressed to Kristin Roberts was delivered to USA Today's corporate offices via U.S. Mail, without satisfying any requirements of service. (*Id.*)

6

## III.   ARGUMENT

### A.   Plaintiff's Claims Should be Dismissed under Rule 12(b)(5)

#### 1.   Legal Standard – Fed. R. Civ. P. 12(b)(5)

A court may dismiss a complaint for "insufficient service of process." Fed. R. Civ. P. 12(b)(5). "Due process requires proper service of process for a court to have jurisdiction to adjudicate the rights of the parties." *O.J. Distrib., Inc. v. Hornell Brewing Co.*, 340 F.3d 345, 353 (6th Cir. 2003). "In deciding a motion to dismiss under Rule 12(b)(5), the court may refer to record evidence in determining the sufficiency of service," including "[f]acts as attested to in uncontroverted affidavits." *Metro. Alloys Corp. v. State Metals Indus., Inc.*, 416 F. Supp. 2d 561, 563 (E.D. Mich. 2006). "The serving party bears the burden of establishing the validity of service." *Id*. If an exhibit to Defendants' motion contradicts a Plaintiff's allegations, "the exhibit trumps the allegations." *Cates v. Crystal Clear Techs., LLC*, 874 F.3d 530, 536 (6th Cir. 2017).

Service of process is governed by Fed. R. Civ. P. 4. To serve a domestic corporation, a plaintiff must either (i) personally deliver a copy of the summons and complaint to its officer, managing or general agent, or agent authorized to accept service of process, while also mailing a copy of the summons and complaint, or (ii) comply with Michigan law "for serving a summons in an action brought in [its] courts of general jurisdiction." Fed. R. Civ. P. 4(h)(1).

Michigan law provides for service on a foreign corporation by: (i) personally serving the Summons and Complaint on "an officer or the resident agent"; or (ii)

personally serving the Summons and Complaint on "a director, trustee, or person in charge of an office or business establishment of the corporation and sending a copy of the complaint by registered mail, addressed to the principal office of the corporation." Mich. Ct. R. 2.105(D). Under this rule, "[s]ervice is not complete on an entity if plaintiff uses only certified mail." *Yorty v. Equifax, Inc.,* No. 1:19-cv-476, 2020 WL 9762463, at *1 (W.D. Mich. Feb. 5, 2020).

> Service on an individual in the United States may be made by:
>
> > (1) following state law for serving a summons . . . ; or
> >
> > (2) doing any of the following:
> >
> > > (A) delivering a copy of the summons and of the complaint to the individual personally;
> > >
> > > (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
> > >
> > > (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e). Michigan law provides for service as follows:

> Process may be served on a resident or nonresident individual by (1) delivering a summons and a copy of the complaint to the defendant personally; or (2) sending a summons and a copy of the complaint by registered or certified mail, return receipt requested, and delivery restricted to the addressee. Service is made when the defendant acknowledges receipt of the mail. A copy of the return receipt signed by the defendant must be attached to proof showing service under subrule (A)(2).

MCR 2.105(A).

Regardless of the method, "the plaintiff must effectuate service within 90 days after the complaint is filed. Otherwise the court must dismiss the action without prejudice 'or order that service be made within a specified time.'" *Thomas v. Navient Sols., Inc.*, No. 2:17-cv-12232, 2018 WL 3141946, at *2 (E.D. Mich. June 27, 2018) (quoting Fed. R. Civ. P. 4(m)). Service is still required even if the Defendants learn of the lawsuit through other means. *See Friedman v. Est. of Presser*, 929 F.2d 1151, 1155 (6th Cir. 1991) ("[A]ctual knowledge of the law suit does not substitute for proper service of process under Rule 4(c)(2)(C)(ii).").

Plaintiff failed to serve any Defendant within 90 days of the filing of the Complaint, and thus it must be dismissed.

### 2.   Defendants Were Not Served

Plaintiff claims he personally served Defendants on August 11 and 15, 2025. (ECF No. 29, PageID.326.) This is false. As explained in their declarations, Defendants were ***never*** served with the summons and complaint. (Exs. 4-7.) *See Metro. Alloys Corp.*, 416 F. Supp. 2d at 563. In fact, Defendants did not learn of Plaintiff's lawsuit until September 9, 2025, when a copy of the complaint and a summons addressed to Defendant Kristin Roberts were delivered to USA Today's corporate offices via U.S. Mail. (*Id.*) This does not qualify as service on Ms. Roberts or any other Defendant.

A number of facial flaws in the purported proofs of service support the veracity of Defendants' declarations and further undermine Plaintiff's claims of service:

- At the time of filing and purported service, the only actual entity sued by Plaintiff was Gannett Co., Inc. (Ex. 4 ¶ 3.) On November 17, 2025, Gannett Co. Inc. rebranded as USA Today Co., Inc.[8] (*Id.*, ¶ 4.) Plaintiff purported to serve USA Today Co., Inc. f/k/a Gannett Co., Inc. at two addresses. The first is the lobby address for the company's headquarters in New York City, but the entity is unaware of any individual with the initials of the person who purportedly signed for service and never received the Summons and Complaint as described. (*Id.*) The second is an address on Wixom Tech Drive in Michigan that is not the address of the entity's resident agent in Michigan or otherwise associated with the entity. (*See Id.*, ¶ 11; Ex. 8, LARA Report.)

- USA Today is a trademark name of a newspaper and news website. (Ex. 4, ¶ 3.) As explained above, at the time of filing and service, USA Today Co. Inc. did not exist. Accordingly, as named, Defendants USA Today, USA Today Co. Inc., and USA Today Newspaper are nonjuridical entities incapable of being sued and, because they do not exist, cannot be served. (*Id.*) Moreover, Plaintiff purports to have served these entities at an address for the Evans Terminal at Detroit Metro Airport which has no association with the USA Today brand or any of the entities responsible for its publication. (*Compare* Proof of Service Address *with* Ex. 9, Google Maps Result *and* Ex. 4 ¶ 14, Decl. (stating not associated with USA Today).) To be clear, however, no entity associated with USA Today Co., Inc. f/k/a Gannett Co., Inc. has been served by Plaintiff.

- Ms. Barton ***never signed a green card confirming receipt***. (Ex. 5.) Indeed, the purported return receipt does not reflect the signature of Ms. Barton and it identifies an address for her at which she has ***never*** lived and with which she has ***never*** otherwise been associated. (*Id.*) Nor was Ms. Barton personally served by George Preston on August 15, 2025 as claimed in the Proof of Service. (*Id.*) Notably, Ms. Barton's and Mr. Preston's purported signatures look similar, suggesting they were signed by the same person. Further, "Wisconsin" is misspelled in the Proof of Service. (*Id.*; *see also* ECF No. 29, PageID.331.) The Proof of Service also claims that Mr. Preston served Ms. Barton on "Monday August 15, 2025." However, August 15, 2025 was a Thursday, not a Monday.

- Ms. Roberts was not even in New York on the date she was purportedly served there. (Ex. 6 ¶ 6.)

---

[8] Plaintiff also named Gannett Company, Inc. That was not and is not an entity separate and distinct from USA Today Co., Inc. f/k/a Gannett Co., Inc. (*Id.*)

- Ms. Bohan was not even in New York on the date she was purportedly served there. (Ex. 7 ¶ 5.)

- In his briefs filed in support of his motions for default judgment against Ms. Roberts, the entity formerly known as Gannett, and "USA Today" (ECF Nos. 32-34), Plaintiff claims Defendants signed a signature card confirming receipt of service, but Defendants never signed such a card (Exs. 4, 6.) and Plaintiff did not actually attach purported signature cards with his motions as he represented.

Plaintiff cannot legitimately rebut Defendants' declarations. Because he did not properly serve Defendants, "the Court must grant [Defendants'] motion to dismiss for insufficient service of process." *Thomas*, 2018 WL 3141946, at *3 (Murphy, J.).

3.  Plaintiff Has a History of Falsifying Service and Other Documents[9]

This would not be the first time Plaintiff has filed fraudulent Proofs of Service. Plaintiff made headlines last year when he secured a $100 million default judgment against Combs in Lenawee County, Michigan. The State Court later discovered that Combs was not properly served. *See. Combs*, 2025 WL 269167, at *1.

After Plaintiff's case against Combs was removed to this District, Judge Levy granted Combs' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). As part of her decision, Judge Levy noted "that Plaintiff has an extensive history of litigation that includes cases that were deemed frivolous and duplicative" and some of Plaintiff's

_____

[9] In deciding a motion to dismiss, the Court may consider "public records" and take "judicial notice of developments in related proceedings in other courts of record." *Bassett v. NCAA*, 528 F.3d 426, 430 (6th Cir. 2008) (citing *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001)); *Chase Bank USA, N.A. v. City of Cleveland*, 695 F.3d 548, 553 n.2 (6th Cir. 2012) (citations omitted).

filings "appear to be fabricated or forged." *Id.* at \*6. Judge Levy also cited a Western District of Michigan judge who found that Plaintiff fabricated evidence. *Id.* (citing *Smith v. Burk*, 19-cv-1018, 2022 WL 4395911, at \*2 (W.D. Mich. Sep. 22, 2022)).

Judge Levy's suspicions were confirmed when she received multiple affidavits from individuals who asserted that Plaintiff fabricated affidavits using their names. *Combs*, 2025 WL 1951722, at \*9. The court provided many examples of this fraud. *Id.*

Plaintiff recently (September 2025) attempted to pull off the same fraudulent proof of service scheme in the Western District of Michigan. *See Derrick Lee Cardello-Smith v. Michigan State Police et al.*, No. 25-cv-00823 (WDMI) (ECF Nos. 33, 37, and 44.) In that case, Plaintiff sued the Michigan State Police, a detective, and a Magistrate Judge. Plaintiff moved for default judgments against those defendants. After finding that his proofs of service appeared fabricated and that the defendants were not properly served, the court denied the motions for default. (*Id.*, ECF Nos. 37 and 44.)

### 4.   Indicia of Fraud in this Case

Plaintiff attempted here precisely what he did to Combs—file falsified proofs of service and then promptly seek a default judgment before anyone notices. In support of his motions for default judgment against Defendants, Plaintiff, again, appears to have filed fraudulent Proofs of Service. (ECF No. 29.) Tellingly, the purported process server—George Preston—is a known associate of Plaintiff. In fact, Plaintiff filed two affidavits allegedly from Preston to support his claims: in the first, Preston claims that

one of Plaintiff's victims (who Plaintiff claims has recanted) lived with Preston while "she cleaned herself up," (ECF No. 1-1, PageID.114); in the second,  Preston claims to have witnessed the assault against Plaintiff by Combs. (*Id.*, PageID.136.).

Further to this point, Mr. Preston and his wife Kathryn Preston have purportedly filed multiple petitions for writs of habeas corpus on behalf of Plaintiff. In denying a petition recently filed by the Prestons, Judge White expressed skepticism as to whether the Prestons filed the petition or Plaintiff filed it himself while acting as the Prestons:

> This is assuming, of course, that it is the Prestons who have actually filed this petition and its supporting documents. . . . Buttressing this Court's suspicions as to the true identity of the petitioners and their purported evidence is the fact that although the Prestons here claim to be husband and wife, Cardello-Smith in a prior case attached an e-mail he sent to Kathy Preston, in which he refers to her as his wife.

*Preston v. Wayne Cnty. Prosecutor's Off.*, No. 25-cv-12447, 2025 WL 2487774 (E.D. Mich. Aug. 28, 2025); *see also Preston v. Bonn,* No. 1:25-CV-895, 2025 WL 2618598, at *1 (W.D. Mich. Sept. 11, 2025).

Given Plaintiff's documented history of falsifying documents, Defendants believe Plaintiff falsified the Proofs of Service. Defendants' belief is strengthened because, in Plaintiff's motion for default judgment in the search warrant case in the Western District of Michigan, Plaintiff filed a nearly identical Proof of Service signed by Mr. Preston. (25-cv-00823, ECF No. 33, PageID.112.) The Judge there called out the red flags in the Proof of Service and denied Plaintiff's motion for default judgment.

13

The Proof of Service filed in the Western District case purports that Mr. Preston served a defendant in Michigan on August 18, 2025. But Plaintiff claims Preston served Defendants here—in New York and Wisconsin—the same week. If that is not enough, Plaintiff filed the forged return receipt signed by Ms. Barton—a Defendant in *this* case—in the *other* case. The Western District court noted that "Plaintiff contends both Defendant and her agent signed for the mail. ***Plaintiff attaches a receipt addressed to someone named Barton at an address in New York***." (WDMI No. 25-cv-00823, ECF No. 44, PageID.190) (emphasis added). Plaintiff cannot keep his lies together.

Finally, Mr. Preston purportedly served the entity then known as Gannett Co., Inc. in Wixom, Michigan on August 11, 2025 (ECF No. 29, PageID.344), and, that *same day*, personally served other Defendants in New York. (*Id.*, PageID.329-342.) Mr. Preston then purportedly traveled to Wisconsin on August 15, 2025, to personally serve Defendant Gina Barton. (*Id.*, PageID.331.) This timeline is implausible on its face.

At bottom, Defendants were not properly served. But the bigger issue is Plaintiff's repeated attempts to commit a fraud on the Court to obtain the same potential financial windfall that he temporarily received against Combs. Typically, dismissal without prejudice is the relief for a Plaintiff's failure to serve. But, given Plaintiff's conduct in this litigation and other suits, Defendants ask that the Court dismiss Plaintiff's Complaint with prejudice. "The Court's ability to dismiss an entire action

due to fraud upon the Court may arise under various procedural rules, or under the inherent power of the Court." *Boulware v. Overmyer*, 2017 WL 6039745, at *4 (W.D. Pa. Dec. 6, 2017). "Given the gravity of [Plaintiff's] misconduct, ***a with prejudice dismissal of [Plaintiff's] case is necessary*** to send a clear message to other litigants that the risk of perpetrating a fraud on the Court far outweighs any tactical benefit that might be gained by it." *Daniels v. Brown*, 2024 WL 3756532, at *5 (S.D. Ill. Aug. 12, 2024) (emphasis added). Such a dismissal with prejudice is warranted here.

**B.**    <u>Plaintiff Fails to State a Claim, Warranting Dismissal under Rule 12(b)(6)</u>

     1.    <u>Legal Standard – Fed. R. Civ. P. 12(b)(6)</u>

A court may dismiss a complaint for failure to state a claim. Fed. R. Civ. P. 12(b)(6). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 555, 570 (2007)); *see also Harder v. Sunrise Senior Living, Inc.*, 2009 WL 5171843 (E.D. Mich. Dec. 22, 2009) (Murphy, J.) (granting defendant's motion for judgment on the pleadings as to defamation claim). A complaint must contain more than "labels or conclusions" or "a formulaic recitation of the elements of a cause of action," *Twombly*, 550 U.S. at 570, and it does not "suffice if it tenders 'naked assertions' devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678. Finally, "[i]f 'a cause of action fails as a matter of law, regardless of whether the plaintiff's allegations are true,' then the Court must

dismiss." *McKee v. Gen. Motors LLC*, 376 F. Supp. 3d 751, 755 (E.D. Mich. 2019) (quoting *Winnett v. Caterpillar, Inc.*, 553 F.3d 1000, 1005 (6th Cir. 2009)).

Although courts construe pro se filings liberally, "[t]he leniency granted to pro se [litigants] . . . is not boundless." *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). A pro se plaintiff must still satisfy "basic pleading standards." *Id*. If a pro se plaintiff "pleads a legal conclusion without surrounding facts to support the conclusion stated in [the] claim," then dismissal is proper. *Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008). Furthermore, "liberal construction does not require a court to conjure allegations on a litigant's behalf," *Martin*, 391 F.3d at 714 (citation omitted), or to "'ferret out the strongest cause of action.'" *Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011).

> 2. The Elements of Defamation

To state a claim for defamation, a plaintiff must allege and prove:

> (1) a false and defamatory statement concerning the plaintiff, (2) an unprivileged communication to a third party, (3) fault amounting at least to negligence on the part of the publisher, and (4) either actionability of the statement irrespective of special harm (defamation per se) or the existence of special harm caused by publication.

*Edwards v. Detroit News, Inc.*, 910 N.W.2d 394, 400 (Mich. Ct. App. 2017) (citation omitted). "Whether a statement is actually capable of defamatory meaning is a preliminary question of law for the court to decide." *Ghanam v Does*, 845 N.W.2d 128,

16

143 (Mich. Ct. App. 2014). For several reasons, Plaintiff fails to plead the elements of defamation, and the Court should dismiss the suit with prejudice.

3.    Plaintiff Fails to Plead a Materially False Statement

In a defamation case, "Plaintiffs must plead precisely the statements about which they complain." *Royal Palace Homes v. Channel 7 of Detroit*, 495 N.W.2d 392, 396 (Mich. Ct. App. 1992); *Sarkar v. Doe*, 897 N.W.2d 207, 223 (Mich. Ct. App. 2016) ("[A] plaintiff claiming defamation must plead a defamation claim with specificity by identifying the exact language that the plaintiff alleges to be defamatory.").

Plaintiff fails to adequately plead the specific ***article*** published by Defendants that purportedly defamed him, let alone a defamatory ***statement***. Instead, Plaintiff relies on vague, conclusory assertions that USA Today published a story that "Plaintiff used a fabricated sexual kit" in his civil lawsuit against Combs, and "accepted the word of a false source for their 'Exclusive' when they relied upon Kym L. Worthy, Chief Wayne County Prosecutor for their source." (*See e.g.*, ECF No. 1, PageID.21.) This is not enough to sustain his claim. *See, e.g.*, *Sarkar*, 897 N.W.2d at 223 (in a defamation case based on online comments, paraphrasing the comments was insufficient and left the court "searching the cited webpages with the hope of finding comments that do or do not support [the] claim"). It is neither Defendants' nor the Court's job to develop Plaintiff's case for him. Because Plaintiff fails to plead a defamatory statement with specificity, the Court should dismiss the Complaint.

Even if the Court finds that Plaintiff has identified a defamatory statement with adequate specificity, his claim fails. Presumably, Plaintiff is claiming that Defendants defamed him by publishing Maria Miller's statements that "Derek Lee Cardello-Smith did not have a rape kit that was part of the Detroit Sexual Assault Kit Project," and "We do not know of a SAK (sexual assault kit) being tested in 2024 related to him." These statements cannot support a cause of action because they are true.

First, the statements are literally true on the face of the Complaint: Plaintiff does not dispute that a spokesman for the Wayne County Prosecutor made these statements. Instead, he argues that the statements contradict his own allegations—and Defendants published those allegations, too. This is the nature of reporting on litigation, and Defendants reported the literal truth of the respective positions of Plaintiff, Combs, and the Wayne County Prosecutor in that litigation.

Second, if not literally true, the statements are substantially true on the face of the Complaint. A plaintiff has a defamation claim only as to statements that materially false. *Rouch v. Enquirer & News of Battle Creek Mich.*, 487 N.W.2d 205, 214 (Mich. 1992). If the "gist" or "sting" of the article is true, the plaintiff cannot prevail. *Fisher v. Detroit Free Press, Inc.*, 404 N.W.2d 765, 767-68 (Mich. Ct. App. 1987); *see also Masson v. New Yorker Mag., Inc.,* 501 U.S. 496, 517 (1991) ("Minor inaccuracies do not amount to falsity so long as the substance, the gist, the sting, of the libelous charge be justified. . . . Put another way, the statement is not considered false

18

unless it would have a different effect on the mind of the reader from that which the pleaded truth would have produced.") (citations omitted).

Here, Plaintiff seems to take issue less with any specific statement but rather with the statements' collective implication, summarizing in the Conclusion of the Complaint that his claim is based on Defendants "stating that the SEXUAL SSAULT [sic] KIT CONTAINED IN THE CIVIL LAWSUIT FILED BY PLAINTIFF HAVING FABRICATED EVIDENCE." (ECF No. 1, PageID.62.) In other words, Plaintiff objects to the implication that he fabricated evidence in the civil suit against Combs. Setting the rape kit aside, as to which there was no specific finding, Judge Levy found that Plaintiff fabricated many documents in that case. *Combs*, 2025 WL 1951722, at *9-10. So even assuming that Miller's statement was literally false as to the rape kit (Defendants are confident discovery, if necessary, will confirm is not), that does not paint Plaintiff in a "very different picture" because there is other evidence (*e.g.*, Court findings) that establishes he did in fact fabricate documents and evidence in the civil suit against Combs. The gist of the Article is that Plaintiff falsified evidence to support his claim that Combs raped him. Judge Levy ruled precisely that. The Article accurately conveys the gist of Plaintiff's conduct. *See Collins v. Detroit Free Press, Inc.*, 627 N.W.2d 5, 10 (Mich. Ct. App. 2001). Michigan's long-standing substantial truth doctrine requires dismissal of the Complaint with prejudice.

19

4.      Plaintiff Failed to Allege Actual Malice

Even if the Court finds that Plaintiff adequately pled a false statement (he did not), Plaintiff's claim must still be dismissed for failure to plead actual malice. Since the Supreme Court's seminal decision in *New York Times v. Sullivan*, limited-purpose public figures must show actual malice to sustain a defamation claim. 376 U.S. 254, 279-280 (1964). A person becomes a limited purpose public figure by voluntarily injecting themselves into a particular controversy. *Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 352 (1974) (an individual becomes a limited purpose public figure when he "voluntarily injects himself or is drawn into a particular public controversy"); *see also Hayes v. Booth Newspapers, Inc*, 295 N.W.2d 858, 886 (Mich. Ct. App. 1980) (affirming dismissal of defamation claims due to absence of proof of actual malice).

Though merely filing a lawsuit does not render a defamation plaintiff a limited purpose public figure, Plaintiff has gone well beyond filing a civil suit. Plaintiff—who has injected himself in the Combs sexual assault controversy—has used the courts to not only publicly accuse disgraced celebrity Combs of rape, but he has also used the courts to air allegations of massive governmental conspiracies and misconduct. *Lynch & Co. Funeral Directors, PLLC v. Funeral Ethics Org*., *Inc*., No. 08-cv-13949-DT, 2009 WL 2390537, at *6 (E.D. Mich. July 31, 2009) (finding Plaintiff to be a limited purpose public figure because he "propelled himself into" a public controversy). Through Plaintiff's lawsuits, he has "invited public attention, comment, and criticism."

*LL NJ, Inc. v. NBC–Subsidiary (WCAU–TV)*, No. 06-14312, 2008 WL 1923261 (E.D. Mich. 2008). Additionally, Plaintiff claims to be an owner of a major record label and associates himself on the face of the Complaint and supporting documents with Combs, Tupac Shakur, Worthy, and countless other public officials and figures. Plaintiff even cites the actual malice pleading standard in his Complaint, seemingly conceding that he must meet this heightened standard. (*See e.g.*, ECF No. 1, PageID.6.)

Accordingly, Plaintiff cannot prevail on a defamation claim unless he can prove that the defendant published the at-issue statements with "actual malice," defined to mean "knowledge that [the statement] was false or with reckless disregard of whether it was false or not." *Sullivan*, 376 U.S. at 279-280. Here, "recklessness" does not mean extreme negligence, but rather that "the defendant in fact entertained serious doubts to the truth of" the statement at issue at the time of its publication. *See St Amant v. Thompson*, 390 U.S. 727, 731 (1968). "General allegations of malice are insufficient." *Prysak v. R.L. Polk, Co.*, 483 N.W.2d 629, 636 (Mich. Ct. App. 1992).

The Complaint contains no cognizable allegations of actual malice. Although the Complaint repeats the phrases "false," "malice," "Defendants knew," and "Defendants should have known," these allegations are conclusory and thus insufficient. *Goldman v. Wayne State Univ. Bd. of Governors*, 390 N.W.2d 672, 674 (Mich. Ct. App. 1986) (holding that "conclusory allegations" that statements were "made maliciously . . . without any basis in fact are simply not enough") (citing *Regualos v. Cmty Hosp*, 364

21

N.W.2d 723, 726 (Mich. Ct. App. 1984)).

Giving Plaintiff the benefit of the doubt as a pro se litigant, he seems to be attempting to allege malice in two ways. First, Plaintiff seems to allege malice based on Defendants' purported profit motives. (*E.g.*, ECF No. 1, PageID.8 (alleging the reporting was done "for Financial Gain and Newspaper Sales").) A general motive to make profit, like that possessed by all publishers, is not sufficient to support a finding of actual malice. *Harte-Hanks Commc'ns, Inc. v. Connaughton*, 491 U.S. 657, 667 (1989) (finding that the actual malice standard is not satisfied merely because "the defendant published the defamatory material in order to increase its profits."); *see also Bond Pharmacy Inc. v. Health L. Partners, P.C.*, No. 23-cv-13069, 2024 WL 4272735, at *6 (E.D. Mich. Sept. 23, 2024). These allegations are insufficient as a matter of law.

Second, Plaintiff seems to assert that Defendants should have known that Kym Worthy and other representatives are inherently not credible, based on his conspiracy theories about connections between Combs, Worthy, the Detroit Police, other elected officials in Detroit, the deceased Tupac Shakur, and more. But Plaintiff, in all his rambling paragraphs, does not make any allegation of fact tying Defendants to the participants in this alleged conspiracy or any specific fact to support the assertion that Defendants should have known Worthy and Miller were not credible. Plaintiff was required but fails to allege specific ***facts*** demonstrating that Defendants published the Article with knowing falsity or reckless disregard for the truth.

The Court should grant this motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) with prejudice.[10]

## C.     In the Alternative, the Court Should Dismiss the Complaint as Improperly Plead or, at a Minimum, Order a More Definite Statement.

If the Court does not grant Defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(5) or (b)(6), in the alternative, Defendants ask that the Court dismiss the Complaint for failure to comply with the requirements of Rule 8 or, at a minimum, order a more definite statement pursuant to Rule 12(e).

The pleading standards are further set forth in Rules 8 and 10. Rule 8 requires a federal complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief," and allegations that are "simple, concise, and direct." Fed. R. Civ. P. 8(a)(2) and 8(d). Rule 10 requires a party to "state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b).

The primary purpose of these rules is to provide defendants with fair notice of the claims against them. Where a complaint is confusing, a more definite statement is appropriate before the defendant interposes a responsive pleading. *See, e.g., Kensu v. Corizon, Inc.,* 5 F.4th 646, 651 (6th Cir. 2021) ("[T]he district court and defendants

---

[10] Should the case proceed to discovery, Defendants will likely file a motion pursuant to Rule 11 seeking attorneys' fees because the lawsuit is frivolous and based upon forged documents. Defendants would prefer a dismissal on the merits without having to inject such facts outside of the pleadings or otherwise prolong this dispute.

should not have to fish a gold coin from a bucket of mud to identify the allegations

really at issue.") Further, where "a plaintiff fails to comply with the Federal Rules of

Civil Procedure, including Rule 8(a)(2)'s 'short and plain statement' requirement," the

"district court has the power to dismiss" the complaint. *Kuehl v. F.D.I.C.*, 8 F.3d 905,

908 (1st Cir. 1993).

Fed. R. Civ. P. 12(e) provides, in pertinent part that,

> a party may move for a more definite statement of a pleading
> to which a responsive pleading is allowed but which is so
> vague or ambiguous that the party cannot reasonably prepare
> a response. The motion must be made before filing a
> responsive pleading and must point out the defects
> complained of and the details desired.

Fed. R. Civ. P. 12(e). A defendant may move for a more definite statement where "a

pleading fails to specify the allegations in a manner that provides sufficient notice."

*Swierkiewicz v. Sorema NA*, 534 U.S. 506, 514 (2002).

Plaintiff's Complaint is 60 pages without numbered paragraphs, and many of the

pages are repeated verbatim. (*See, e.g.*, ECF No. 1, PageID.21-PageID.52.) The

Complaint is nowhere near being clear, concise, and direct as required by the Rules.

As discussed above, the Complaint fails to provide a statement of facts with specific

allegations necessary to reasonably inform Defendants of the article and statement(s)

he is challenging. The Complaint also contains over 40 pages of exhibits, but Plaintiff

does not cite to any of the exhibits in his Complaint or otherwise explain why the

exhibits are attached. Most, if not all, of the exhibits—the majority of which were also

filed in other cases—have no bearing on the purported claims at issue. Most critically, many of the exhibits appear fraudulent on their face or are substantially similar to the documents identified by Judge Levy as apparently fraudulent.

The Court should dismiss the Complaint for its many deficiencies. If the Court allows Plaintiff to amend his complaint and make a more definite statement, Defendants ask that the Court strike all irrelevant passages, strike all irrelevant exhibits, and order Plaintiff to first seek leave to file an amended complaint pursuant to the multiple orders enjoining Plaintiff as a filer in this Court.

## IV.   CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court dismiss Plaintiff's Complaint with prejudice.

Dated: December 5, 2025                    Respectfully submitted,

HONIGMAN LLP


By:   /s/ Jalen R. Farmer
      Andrew M. Pauwels (P79167)
      Jalen R. Farmer (P86859)
      2290 First National Building
      660 Woodward Avenue
      Detroit, MI 48226-3506
      (313) 465-7290
      apauwels@honigman.com
      jfarmer@honigman.com


      *Attorneys for Defendants*

25

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 5, 2025, I electronically filed the foregoing pleading using the CM/ECF system which will send notice of electronic filing to all counsel of record and served a copy via U.S. Mail upon Plaintiff at the following address:

> Derrick Lee Cardello-Smith (#267009)
> Kinross Correctional Facility
> 4533 West Industrial Park Drive
> Kincheloe, MI 49788

/s/ *Jalen R. Farmer*
Jalen R. Farmer

Dated:  December 5, 2025