# EXHIBIT 4

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DERRICK LEE CARDELLO-SMITH,

    Plaintiff,

vs.

USA TODAY, ET AL.,

    Defendants.
_____/

Case No. 25-cv-11737-SJM-APP

Hon. Stephen J. Murphy, III

## **DECLARATION OF EDWIN LARKIN**

I, Edwin Larkin, hereby declare as follows:

1. I am the Chief Litigation Officer at USA Today Co., Inc. f/k/a Gannett Co., Inc ("USA Today").

2. I am over the age of eighteen and have knowledge of the facts stated herein based upon my personal knowledge or in my capacity as an employee of USA Today and am competent to testify to these facts and will so testify if called and sworn as a witness.

3. Plaintiff Derrick Lee Cardello-Smith purports to name the following entities as Defendants: Gannett Co., Inc, Gannett Company, Inc., USA Today, USA Today, Co. Inc., and USA Today Newspaper. At the time of filing the Complaint, Gannett Co., Inc. was the only real entity named as a Defendant. There was and is no such entity as Gannett Company, Inc. separate and distinct from the entity then known as Gannett, Co. Inc. "USA Today" is the trademarked name for a newspaper

and online publication, and, at the time of filing, USA Today, USA Today Co. Inc., and USA Today Newspaper were nonjuridical entities incapable of being sued.

4. On November 17, 2025, Gannett Co., Inc. rebranded and is now known as USA Today Co., Inc. Accordingly, the only properly named entity Defendant is USA Today Co., Inc. f/k/a Gannett Co., Inc.

5. USA Today Co., Inc. f/k/a Gannett Co., Inc. first became aware of the above-captioned case (the "Case") on September 9, 2025, when a copy of the Complaint and a Summons addressed to Kristin Roberts was delivered to its corporate offices via U.S. Mail.

6. After learning of this lawsuit, USA Today Co., Inc. f/k/a Gannett Co., Inc. was informed that Plaintiff filed a Proof of Service purporting that he personally served the entity then known as Gannett Co., Inc. and "USA Today" on August 11, 2025, at 1675 Broadway, New York, New York 10019. The purported Proof of Service claims that an agent from Gannett with the initials of "JW" accepted service.

7. No entity affiliated with USA Today Co., Inc. f/k/a Gannett Co., Inc. was ever personally served with the Summons and Complaint.

8. No entity affiliated with USA Today Co., Inc. f/k/a Gannett Co., Inc. ever received the Summons and Complaint in this Case by certified mail.

9. USA Today Co., Inc. f/k/a Gannett Co., Inc. is unaware of any individual with the initials of "JW" that purportedly signed for service.

10. USA Today Co., Inc. f/k/a Gannett Co., Inc. was also informed that Plaintiff filed a Proof of Service purporting that he personally served the entity then known as Gannett Co., Inc. on August 11, 2025, at 49140 Wixom Tech Drive, Wixom, Michigan 48393. The purported Proof of Service claims that an agent from Gannett with the initials of "D.M." accepted service.

11. USA Today Co., Inc. f/k/a Gannett Co., Inc. does not have any operations at this address in Wixom, Michigan.

12. USA Today Co., Inc. f/k/a Gannett Co., Inc. is unaware of any individual with the initials of "D.M." that purportedly signed for service in Wixom, Michigan.

13. USA Today Co., Inc. f/k/a Gannett Co., Inc. was also informed that Plaintiff filed a Proof of Service purporting that he personally served "USA Today" on August 11, 2025, at 601 Rogelle Drive, Detroit, Michigan 48242. The purported Proof of Service claims that an agent from "USA Today" with the initials of "LRJ" accepted service.

14. This Detroit, Michigan address has no association with the USA Today brand or any of the entities responsible for its publication. In fact, based on a Google search, I understand this address to be associated with the Evans Terminal at Detroit Metropolitan Airport.

15. USA Today Co., Inc. f/k/a Gannett Co., Inc. never signed a document acknowledging receipt of the Summons and Complaint in this Case on behalf of Gannett, USA Today, or any other entity or tradename associated at any time with USA Today Co., Inc. f/k/a Gannett Co., Inc.

16. USA Today Co., Inc. f/k/a Gannett Co., Inc. never authorized anyone to sign a document acknowledging receipt of the Summons and Complaint in this Case on behalf of Gannett, USA Today, or any other entity or tradename associated at any time with USA Today Co., Inc. f/k/a Gannett Co., Inc..

17. USA Today Co., Inc. f/k/a Gannett Co., Inc. never authorized anyone to accept service of the Summons and Complaint in this Case on behalf of Gannett, USA Today, or any other entity or tradename associated at any timewith USA Today Co., Inc. f/k/a Gannett Co., Inc..

18. USA Today Co., Inc. f/k/a Gannett Co., Inc. has since reviewed the allegations in the Complaint in this case.

19. USA Today Co., Inc. f/k/a Gannett Co., Inc. denies all of the allegations set forth in the Complaint in this case insofar as they pertain to Gannett, USA Today, or any other entity or tradename associated at any time with USA Today Co., Inc. f/k/a Gannett Co., Inc.

20. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Further declarant sayeth naught.

_____
Edwin Larkin